United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 8, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————————

No. 04-30910

———————————————

Raymond Villegas,

Plaintiff - Appellant,

versus

Waste Management of Louisiana LLC; Warren Properties

Defendants - Appellees.

———————————————————————

Appeal from the United States District Court
For the Eastern District of Louisiana
(No. 2: 03-CV-1703-S)

———————————————————————

Before GARWOOD, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In August 2002, appellant Raymond Villegas, after not having used a motorcycle in three years, borrowed his friend's motorcycle to go to the store to purchase cigarettes. Driving the motorcycle, Villegas attempted to leave his home at the Anchorage, an apartment complex owned and managed by Warren Properties, in Slidell, Lousiana. He was involved in a one-vehicle accident during his exit from the complex.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The exit that Villegas intended to use connects the Anchorage's parking lot to a city street. As Villegas was exiting the Anchorage, he traveled through a parking lot to the complex's exit. A dumpster was located near the intersection of the exit and the parking lot, on Villegas's right-hand side as he approached. According to the record, the dumpster was not located directly on that intersection. Rather, it was located some distance from the intersection, such that if a driver came to a complete stop at the intersection, he would have a clear view of traffic. Although it is unclear whether there were stop signs at the intersection of the exit and the parking lot, Villegas testified that he "absolutely" would have stopped at the intersection.

As Villegas moved towards the exit, he saw a car traveling down the city street. Unsure of whether the car was going to continue on its path or turn into the apartment complex, Villegas, after having already veered right towards the dumpster, "layed his bike down."[1] The accident severely injured Villegas, causing a compound fracture in his leg, and led to his hospitalization.

The dumpster is owned by Waste Management of Louisiana L.L.C. ("Waste Management"). In February 2002, Villegas brought suit against both Warren Properties and Waste Management, alleging that the defendants negligently placed the dumpster on the Anchorage lot. Villegas also asserted a strict liability claim under Louisiana Civil Code article 2317.1. After discovery, including the depositions of Villegas and Warren Properties' employee Debbie Bodine and interrogatories, the defendants moved for summary judgment in June 2004. After a July 2004 hearing, the district court, by order dated August 13, 2004, dismissed Villegas's complaint after concluding that the dumpster

---

[1] The car did not in fact turn into the complex parking lot.

was not a cause-in-fact of the accident.[2] Villegas timely appeals.

I.

This Court reviews a grant of summary judgment *de novo*. *Facility Ins. Corp. v. Employers Ins. of Wausau*, 357 F.3d 508, 512 (5th Cir. 2004). "Summary judgment is only appropriate if the evidence shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Id.*; FED. R. CIV. P. 56(c).

Negligence claims in Louisiana are analyzed using a five-part duty/risk analysis. *See, e.g., Perkins v. Entergy Corp.*, 782 So.2d 606, 611 (La. 2001). They are:

> (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant's substandard conduct was a cause-in-fact of plaintiff's injury (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damage element).

*Vargas v. Cont'l Cuisine, Inc.*, 2005 WL 896491, at *3 (La. Ct. App. March 30, 2005). "The cause-in-fact element is generally the key determination in the duty-risk analysis." *Id.* (citing *Boykin v. La. Transit Co., Inc.*, 707 So.2d 1225, 1230 (La. 1998)). To determine whether a defendant's action was a cause-in-fact of the accident, Louisiana courts ask whether the defendant's actions were a "substantial factor" in the accident. *See, e.g.*, *Duperclay v. Ill. Cent. R.R. Co.*, 892 So.2d 124, 127 (La. App. Ct. 2004) (applying substantial factor test to similar factual circumstances).

The district court dismissed Villegas's complaint because it determined that any alleged breach of the defendants' duty in the placement of the dumpster was not a cause-in-fact of the accident.

---

[2] Although not mentioned in its order, the district court necessarily rejected Villegas's strict liability claim. Villegas fails to appeal this issue.

3

Despite a number of exhortations to the contrary, Villegas fails to point to any disputed issues of material fact in his brief.

## II.

Villegas also contends that the district court erred in granting Waste Management's summary judgment motion because there was outstanding discovery to be conducted. A district court's decision to end discovery and rule on a motion for summary judgment is reviewed with an abuse of discretion standard. *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 918 (5th Cir. 1992). Continuance requests under Rule 56(f) are typically in writing, either by motion or its functional equivalent. *Id*. Villegas never requested such a continuance following Waste Management's motion for summary judgment. Rather, Villegas requested, and was granted, leave to supplement the record following the oral arguments on Waste Management's motion for summary judgment.

The only arguable mention of a request for a continuance in the record that might suffice as a Rule 56(f) motion is found in Villegas's reply to the defendants' motion for summary judgment.[3] He indicates that he had outstanding discovery because he was to depose the defendants' expert. Although the statement in the reply is not a motion, Rule 56(f) is designed "to provide non-movants with a much needed tool to keep open the doors of discovery in order to adequately combat a summary judgment motion." *Id.* at 919. As a consequence, a "continuance . . . for purposes of discovery should be granted almost as a matter of course." *Id.* at 919 n.4 (quoting *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) (internal quotations omitted)). However, even if we were to address the district court's denial of Villegas's motion, the testimony of the expert

---

[3] Villegas was represented by counsel.

4

would not establish a genuine issue of material fact. Presumably, the witness would testify as to Villegas's speed and the stopping distance required at the time of the accident. As Villegas himself recognizes, this evidence goes to Villegas's contributory negligence and not to whether the dumpster was a cause-in-fact of the accident.

## CONCLUSION

The decision of the district court is **AFFIRMED**.