|, JONES, Judge.
Michael Jennings originally filed suit in Orleans Parish Civil District Court against C&G Welding, Inc. and J. Ray McDer-mott, Inc. (McDermott) to recover damages under the Jones Act, General Maritime Law and Louisiana negligence law for injuries sustained while working on a barge. The petition averred that McDer-mott was the owner of the barge.
The case was subsequently transferred to the 32nd Judicial district Court in Ter-rebone Parish by virtue of an unopposed Motion and Order to Transfer in which the plaintiff conceded that Terrebone Parish was a place of proper venue.
The plaintiff then filed another suit in Orleans Parish against C&G and McDer-mott Holdings, Inc., (Holdings), of which McDermott is a subsidiary. Subsequently, the 32 nd JDC refused plaintiffs Motion for a Voluntary Dismissal because the defendants had made a general appearance.
The defendants next filed, in Orleans Parish, exceptions of insufficient service of process, lack of personal jurisdiction, improper venue, and lis pendens. Argument was heard on the exceptions on Septem *463 ber, 3, 1999 at which time all of |¡>the exceptions were denied. Holdings intervened in the Terrebone suit on Oct. 11, 1999 (38 days later), and then filed a Motion to Reconsider the exceptions previously denied, after the delays had run for the filing of a Motion for New Trial (7 days) or Writ Application on the denial of the exceptions (30 days). The trial court denied the motion to reconsider.
The relator, Holdings, argues that the trial court's failure to reconsider its denial of the exception of Lis Pendens constitutes an abuse of discretion due to its subsequent intervention in the Terrebone lawsuit. Although the relator also substantively contests the denial of its exceptions listed above, those issues were not brought before us in a timely writ application.
The respondent argues that the Holdings’ motion to reconsider was not timely filed and in the alternative that its denial does not constitute an abuse of discretion.

Discussion

The Louisiana Code of Civil Procedure does not provide for a motion to reconsider. However, a motion to reconsider is like a motion for new trial. Clement v. American Motorists Insurance Co., 98-504 (La.App. 3 Cir. 2/3/99), 735 So.2d 670, 672, writ denied Clement v. American Motorist Insurance Co., 99-0603 (La.4/23/99) 742 So.2d 886. The denial of a motion for new trial is reviewable only under our supervisory jurisdiction • for abuse of discretion. Id.
^Although the respondent, Jennings, suggests that the case law sets forth a seven-day delay for motions to reconsider, we disagree. The case law only sets forth the applicable standard of review, namely abuse of discretion.
With that standard in mind, we now review the denial of the motion to reconsider. Given the relator, Holdings’ timely intervention into the Terrebone law suit, there appears to be both mutuality of interest between and physical indistin-guishability of the parties. Therefore we find that the trial court’s refusal to hear the new evidence on the exception of lis pendens constituted an abuse of discretion.
In light of the discussion above, we vacate and set aside the trial court’s denial of the motion to reconsider, and remand.

WRIT GRANTED.

ARMSTRONG, J., DISSENTS.