889 So.2d 1155 (2004)
CHASE MANHATTAN MORTGAGE CORPORATION
v.
Michelle Denoux LASSITER.
No. 04-CA-484.
Court of Appeal of Louisiana, Fifth Circuit.
November 30, 2004.
Michael D. Ferachi, Christine S. Goldberg, Juston M. O'Brien, Baton Rouge, Louisiana, for Plaintiff/Appellee.
John B. Donnes, III, Metairie, Louisiana, for Defendant/Appellant.
Panel composed of Judges MARION F. EDWARDS, CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
MARION F. EDWARDS, Judge.
Defendant/Appellant, Michelle Denoux Lassiter, appeals from a judgment denying her Motion To Annul Sale. For the foregoing reasons, the judgment of the trial court is affirmed.

FACTS AND PROCEDURAL HISTORY
On October 27, 1998, Appellant, Michelle Denoux Lassiter ("Lassiter"), executed a promissory note and a mortgage in favor of Chase Manhattan Mortgage Corporation ("Chase"), which was secured by her property located at 3413 Haring Road, Metairie, in Jefferson Parish. In August of 2002, Lassiter defaulted on the promissory note, and Chase thereafter filed a Petition for Executory Process on January 31, 2003 in the Twenty Fourth Judicial District *1156 Court for the Parish of Jefferson. Lassiter was served with a notice of seizure on March 17, 2003 that designated a date of judicial sale on May 7, 2003, or on a "day thereafter as scheduled by the Sheriff."
Lassiter filed a Petition for Bankruptcy on May 12, 2003, however this petition was later dismissed on July 29, 2003. Subsequent to the dismissal of Lassiter's bankruptcy action, Chase continued with its foreclosure of Lassiter's property, and a new date of judicial sale was set for October 8, 2003, at which time the property was purchased by a third party. Chase did not send a second notice of seizure to Lassiter advising her of the new sale date. On October 9, 2003, Lassiter once again filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Louisiana.[1]
On October 9, 2003, Lassiter filed a Motion To Annul Sale, asserting that the sale of her property was invalid as she had never been served with a second notice of the sale. After a hearing on November 24, 2003, the trial court denied Lassiter's motion. Lassiter then filed a Motion For New Trial, which was denied by the trial court on January 20, 2004. On that same date, Lassiter filed a Motion For Appeal regarding the court's rulings on her Motion To Annul Sale and her Motion For New Trial.

LAW AND ARGUMENT
We begin our analysis by noting that while Lassiter's Motion for Appeal designates the trial court's ruling on her Motion For New Trial as one of the grounds for appeal, she has failed to brief this issue. Accordingly, pursuant to Uniform Rules, Courts of Appeal, Rule 2-12.4, we will consider this specification to be abandoned.[2]
In her sole remaining assignment of error, Lassiter contends that the trial court erred in failing to grant her Motion to Annul the Sale of the property located at 3413 Haring Road on the basis that Chase did not provide proper Mennonite notice to her of a second sale date.
The record reflects that on October 27, 1998, Lassiter executed a valid Promissory Note and Mortgage in favor of Chase Manhattan Mortgage Corporation, which contained a confession of judgment that provided for seizure and sale of the property via executory process in the event of default by Lassiter. It is not disputed that Lassiter defaulted under the terms of the mortgage, and that Chase therefore validly exercised its right to have the property seized and sold in accordance with La. C.C.P. arts. 2631-2638.
After a court issues a writ of seizure and sale, LSA-C.C.P. Art. 2721 provides for the following procedure:
A. The sheriff shall seize the property affected by the mortgage, security agreement, or privilege immediately upon receiving the writ of seizure and sale, but not before the expiration of the delay allowed for payment in the demand required by Article 2639, unless this demand has been waived.
B. The sheriff shall serve upon the defendant a written notice of the seizure of the property. [Emphasis added].
In regard to the form that notices of seizures must take, LSA-R.S. 13:3852 states, in relevant part:

*1157 A. The sheriff to whom the writ is directed shall make three notices setting forth the title of the action or proceeding, its docket number, the court which issued the writ, the amount of the judgment or claim specified in the writ, an exact copy of the description of the immovable property furnished him in accordance with R.S. 13:3851, and the fact that the sheriff is seizing the described property, in accordance with Code of Civil Procedure Article 2293, and, if applicable, the date of the first scheduled sale of the property. If the immovable property to be seized is owned by more than one party, the sheriff shall make an additional notice for each additional party. [Emphasis added.]
Read together, the above cited codal article and statute require that, upon seizure of their property, a defendant receive a written notice that informs them of the first scheduled sale date.
In this case, it is not disputed that Chase did, in fact, comply with the requirements in having a written notice of seizure sent to Lassiter that indicated the initial date of the judicial sale. The record shows that Lassiter received this written notice of seizure by personal service on March 17, 2003. The notice read, in part, "This matter is scheduled for Sheriff's sale on the 7th day of May, 2003 at 10:00 A.M. or and [sic] day thereafter as scheduled by the Sheriff." [Emphasis added.] Lassiter insists, however, that the onus was upon Chase to issue subsequent notice to her at the time that the judicial sale was rescheduled after her second petition for bankruptcy was dismissed. As authority for this proposition, Lassiter cites to the United States Supreme Court case of Mennonite Board of Missions v. Adams.[3]
The First Circuit recently discussed the import of the Mennonite holding in Henderson v. Kingpin Development Co.[4]
In Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), the United States Supreme Court found that constructive notice of an impending tax sale was not sufficient to satisfy due process for a mortgagee who was identified in a mortgage that was publicly recorded. Mennonite, 103 S.Ct. at 2711. The court held that notice by mail  or other means as certain to ensure actual notice  is a minimum constitutional precondition to a proceeding that will adversely affect the liberty or property interests of any party, if its name and address are reasonably ascertainable. Mennonite, 103 S.Ct. at 2712. A reviewing court must balance the interest of the state and the individual interest sought to be protected by the Fourteenth Amendment. The focus is on the reasonableness of the balance, and whether a particular method of notice is reasonable depends on the particular circumstances. Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 1344, 99 L.Ed.2d 565 (1988).
... the Louisiana Supreme Court in Magee v. Amiss, 502 So.2d 568 (La.1987), retroactively applied the standards for notice set forth in Mennonite to private foreclosure proceedings, implicitly finding that Louisiana's private foreclosure proceedings involve state action and implicate due process guarantees.[5]
*1158 As previously stated, Louisiana's provisions for notice to a debtor in the event of seizure are designed to ensure that the debtor has service of a written notice of seizure that informs them of the first scheduled sale date. These standards comport with the actual notice requirement of Mennonite. Although Lassiter cites to several cases from around the country in support of her position, after our review we find no authority under Louisiana law that would require Chase to provide her with notice of a rescheduled judicial sale. Therefore, we find this assignment to be without merit.
Accordingly, for the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED
NOTES
[1] Lassiter's second Petition for Bankruptcy was dismissed, as the only asset had been sold prior to the filing of the Petition.
[2] In addition, we note that the denial of a motion for new trial is reviewable only under our supervisory jurisdiction for abuse of discretion. Jennings v. J. Ray McDermott Holdings, Inc., XXXX-XXXX (La.App. 4 Cir. 4/5/00), 760 So.2d 462, 463.
[3] 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).
[4] 2001-2115 (La.App. 1 Cir. 8/6/03), 859 So.2d 122.
[5] Id. at 129.