920 So.2d 251 (2005)
Joan WALLACE & John Wallace
v.
TREASURE CHEST CASINO, L.L.C. & Thyssen-Dover Elevator Company a/k/a Thyssenkrupp Elevator Corporation.
No. 05-CA-484.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2005.
*252 Julien F. Jurgens, James G. Kambur, New Orleans, Louisiana, for Appellants, Joan and John Wallace.
David J. Schexnaydre, Wade D. Rankin, Covington, Louisiana, for Appellees, Thyssenkrupp Elevator Corporation and Treasure Chest Casino.
*253 Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
SUSAN M. CHEHARDY, Judge.
In this appeal, plaintiffs challenge the trial court's judgment granting summary judgment in favor of defendants and dismissing their claim for damages. For the following reasons, we affirm.

Facts And Procedural History
On October 12, 2001, Joan Wallace was a patron of the Treasure Chest Casino in Kenner, Louisiana. On that day, upon entering an elevator on the second floor of the casino, Wallace fell as a result of "misleveling" between the elevator car and the casino floor.
On October 8, 2002, Joan Wallace and her husband, John Wallace, filed suit against Treasure Chest Casino, L.L.C., and Thyssen-Dover Elevator Company d/b/a Thyssenkrupp Elevator Corporation. In their petitions, plaintiffs allege that Treasure Chest was liable for damages under theories of negligence and strict liability as the owner of the elevator. Plaintiffs allege that ThyssenKrupp was liable for damages under theories of negligence and strict liability as the elevator's manufacturer. Treasure Chest and ThyssenKrupp answered plaintiffs' petition, generally denying the allegations.
On November 17, 2004, Treasure Chest and ThyssenKrupp moved for summary judgment. Treasure Chest argued that the plaintiffs could not establish "conduct" that would indicate negligence in its part. Treasure Chest further argued that it had no duty to protect Mrs. Wallace from the open and obvious danger of entering the misleveled elevator. Treasure Chest also argued that, even if it had a duty to Mrs. Wallace, it did not breach that duty as Treasure Chest had no notice of a defect in the elevator before this incident. Additionally, ThyssenKrupp argued that the plaintiffs could not establish that a defect existed in the elevator at the time it left the manufacturer's control. In support of their motion for summary judgment, Treasure Chest and ThyssenKrupp introduced the following exhibits: 1) the affidavit of Jeffrey Eldert, Surveillance Director for Treasure Chest Casino with a surveillance videotape, attached thereto, of the elevator and surrounding area at the date and time of the incident; 2) the affidavit of Lori Roy, Office Manager and custodian of service records for ThyssenKrupp Elevator Corporation with copies, attached thereto, of all service tickets completed for service calls for the one-year period preceding and including the date of the incident; 3) Interrogatories propounded to Joan and John Wallace by ThyssenKrupp; 4) Interrogatories propounded to Joan Wallace by Treasure Chest; 5) Requests for Admissions propounded to Joan and John Wallace by ThyssenKrupp; and 6) Joan Wallace's Answers to ThyssenKrupp's Interrogatories.
Plaintiffs filed a memorandum in opposition to defendants' motion for summary judgment alleging that plaintiffs "have clearly shown that the elevator in question malfunctioned on the day of the accident, that the elevator has a history of malfunction, and Treasure Chest was aware of that history. Likewise, Thyssen was negligent in its failure to remedy the malfunction through normal and regular inspections." In support of their position, plaintiffs introduced the affidavit of Wilma Cooper, another Treasure Chest patron who saw Mrs. Wallace fall.
On February 9, 2004, the trial court heard arguments on defendants' motion for summary judgment. After considering the applicable law and the evidence in the record, the trial court granted defendants' *254 motion for summary judgment and signed a judgment that day.
Plaintiffs are appealing that judgment alleging that the trial court erred in granting summary judgment in favor of defendants. On appeal, plaintiffs argue three assignments of error: "the trial court erred by failing to recognize that defendant, Treasure Chest, as owner of an elevator, owes the highest degree of care to plaintiff, and by failing to recognize that Treasure Chest bears the burden at trial of proving it was free from negligence;" "defendant failed to establish a prima facie case that they did not know, or should have known, of the elevator's misleveling defect, thereby improperly and prematurely shifting the burden of proof to plaintiffs;" and "plaintiffs proved that the elevator misleveling was not apparent and, therefore, the Trial Court erred in finding that the misleveling should have been apparent to plaintiff, Mrs. Wallace. Further, the trial court erred in allowing a videotape of the accident to influence the Court, when that tape was so unclear that it skipped, jumped, was snowy, and failed to show the accident from the plaintiff's perspective; the plaintiff refuted the tape with eye-witness testimony." Treasure Chest responds that the trial court correctly granted summary judgment in this case where the plaintiffs failed to submit with their opposition to summary judgment sufficient factual evidence to establish that plaintiffs will be able to satisfy their evidentiary burden of proof at trial. ThyssenKrupp responds that the grant of its uncontested motion for summary judgment on the sole legal ground for liability alleged by plaintiffs against ThyssenKrupp, product liability as the elevator's manufacturer, has not been briefed as an assignment of error and is, therefore, abandoned.

Summary Judgment
Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Summary judgment is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2).
On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden on the motion does not require that all essential elements of the adverse party's claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La. C.C.P. art. 966(C)(2); Jones v. Estate of Santiago, 03-1424, p. 5 (La.4/14/04), 870 So.2d 1002, 1006. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Hardy v. Bowie, 98-2821, pp. 4-5 (La.9/8/99), 744 So.2d 606, 609-610. The mover is, thus, entitled to summary judgment. La. C.C.P. art. 966(C)(2); Jones supra.
Summary judgments are reviewed on appeal de novo. Id. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: *255 whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Id.
In Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, pp. 26-27 (La.7/5/94), 639 So.2d 730, 750-751, the Louisiana Supreme Court set forth the following parameters for determining whether an issue is genuine or a fact is material:
A "genuine issue" is a "triable issue." More precisely, "[a]n issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Summary judgment is the means for disposing of such meretricious disputes." In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. "Formal allegations without substance should be closely scrutinized to determine if they truly do reveal genuine issues of fact."
A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. [Citations omitted.]
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Blount v. East Jefferson General Hosp., 04-407 (La.App. 5 Cir. 10/12/04) 887 So.2d 535, 537, citing Sanders v. Ashland Oil, Inc., 96-1751 (La. App. 1 Cir. 6/20/97), 696 So.2d 1031, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Thus, we now turn to a discussion of the applicable law.

Treasure Chest
In Scramuzza v. River Oaks Inc., 03-959, pp. 9-10 (La.App. 5 Cir. 3/30/04), 871 So.2d 522, 529, writ denied, 04-1088, 876 So.2d 839 (La.6/25/04), this Court presented the following pertinent discussion on liability theory:
Two theories of liability are available in Louisiana to a plaintiff claiming injury caused by a thing's condition. The first theory is negligence, under La. C.C. Art. 2315 and La. C.C. Art. 2316 of the Louisiana Civil Code, and the second theory is strict liability under La. C.C. Art. 2317 et seq. of the Louisiana Civil Code. Under both theories, the plaintiff has the burden of proving that the thing's condition presented an unreasonable risk of harm, or was defective, and that this condition was a cause-in-fact of the plaintiff's injuries. Both theories employ the duty-risk analysis on a case-by-case basis. The plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, that the defendant owed a duty of care to the plaintiff, that the requisite duty was breached by the defendant, and that the risk of the harm was within the scope of the protection afforded by the duty breached. [Citations omitted.]
Pretermitting a discussion of cause-in-fact, which is not at issue in this case, we will proceed to duty. Whether a condition is unreasonably dangerous requires consideration of: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the condition; *256 (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility or whether it is dangerous by nature. Hutchinson v. Knights of Columbus, Council No. 5747, 03-1533, pp. 9-10 (La.2/20/04), 866 So.2d 228, 235. In general, defendants may have no duty to protect against an open and obvious hazard. Pitre v. Louisiana Tech University, 95-1466, 95-1487, p. 11 (La.5/10/96), 673 So.2d 585, 591, cert. denied, 519 U.S. 1007, 117 S.Ct. 509, 136 L.Ed.2d 399 (1996). If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous and the defendant may owe no duty to the plaintiff. Id. Further, a landowner is not liable for an injury that results from a condition that should have been observed by the individual in the exercise of reasonable care or was as obvious to a visitor as it was to the landowner. Williams v. Leonard Chabert Medical Center, 98-1029, p. 8 (La.App. 1 Cir. 9/26/99), 744 So.2d 206, 211.
In its motion for summary judgment, Treasure Chest argued that the "misleveled" elevator was an open and obvious hazard and, thus, not unreasonably dangerous. Treasure Chest further asserted there was no duty to warn or protect Mrs. Wallace against this obvious hazard. Specifically, Treasure Chest argued that the surveillance videotape shows that the elevator in question stopped at the floor, the doors then partially opened, and, after about eight seconds, Mrs. Wallace put her hands into the opening and pried the doors open so that she could enter the elevator. After entering, she fell. Moreover, Treasure Chest argues that, even if a duty existed, that duty was not breached because it did not have knowledge or notice of any defect in its elevator.
In support of its motion for summary judgment, Treasure Chest submitted affidavits from various individuals regarding their knowledge of "misleveled" elevator and the incident in question. Jeffrey Eldert, Treasure Chest's Director of Surveillance attested that he maintained and oversaw all aspects of the Treasure Chest's surveillance operations. He further attested that he was the Custodian of the videotapes and attested that, to his personal knowledge, the videotape submitted with his affidavit included "all activity recorded from the described cameras during the period described." Further, Treasure Chest submitted videotaped surveillance of the elevator in question for the date and time of Mrs. Wallace's incident.
Treasure Chest also submitted the affidavit of Lori Roy, ThyssenKrupp's Office Manager and custodian of all of ThyssenKrupp's records, who attested that she kept records of all service calls from its clients. Roy further attested to the authenticity and completeness of the copies of ThyssenKrupp's service records, submitted with her affidavit, at the Treasure Chest for one year before the incident.
In their opposition, the plaintiffs argue that there remained a genuine issue of material fact regarding whether the "misleveling" was visible to a patron entering the elevator at the time of the incident in question. According to plaintiffs, Treasure Chest was negligent for failing to maintain its elevators. Plaintiffs further argued that Treasure Chest was strictly liable because, at the time of the incident, the pit presented an unreasonable risk of harm to Mrs. Wallace.
In support of their position, plaintiffs submitted an affidavit from Wilma Cooper attesting that, while she was waiting for an elevator on the second floor of the Treasure Chest on October 12, 2001, she saw Mrs. Wallace fall after stepping into an *257 elevator. Ms. Cooper further attested that she saw that the floor of the elevator was 8 to 12 inches below the floor of the casino when Mrs. Wallace stepped inside. Ms. Cooper also attested that she had seen the same elevator mislevel "on several occasions." Neither Mr. nor Mrs. Wallace submitted affidavits in opposition to the summary judgment.
On appeal, plaintiffs contend that there remains a genuine issue of material fact regarding whether the "misleveling" was visible from an entering patron's vantage point at the time of the incident in question and whether Treasure Chest had notice of the defect. Following a thorough review of the record and the evidence introduced by the parties in support of their respective positions, we cannot say that the trial court erred in granting summary judgment with respect to Treasure Chest.
In the instant case, we agree with the trial court that Treasure Chest pointed out an absence of factual support for one or more elements essential to the Wallaces' claims, i.e. whether there was a duty owed. Further, the Wallaces did not produce factual evidence sufficient to dispute the absence of a genuine issue of material fact. Therefore, we find that the trial court correctly granted summary judgment in favor of Treasure Chest.

ThyssenKrupp
We note that, in their petitions, plaintiffs's sole legal ground for liability against ThyssenKrupp was negligence or strict liability as the elevator's manufacturer. In its opposition to ThyssenKrupp's motion for summary judgment on this issue, plaintiffs did not present any evidence to support its claim of ThyssenKrupp's liability as manufacturer of the elevator. Further, plaintiff has not been briefed the grant of summary judgment on this issue as an assignment of error and this issue is, therefore, abandoned. U.R.C.A. 2-12.4; Chase Manhattan Mortg. Corp. v. Lassiter, 04-484 (La.App. 5 Cir. 11/30/04), 889 So.2d 1155, 1156.

Conclusion
For the above and foregoing reasons, the trial court's judgment granting summary judgment in favor of Treasure Chest and ThyssenKrupp is affirmed. Costs associated with this appeal are assessed equally between plaintiffs, Joan and John Wallace, and defendants, Treasure Chest Casino and ThyssenKrupp Elevator Corporation.
AFFIRMED.