PER CURIAM.
hThe plaintiff, Patricia Clotworthy, appeals the trial court judgment granting the exception of prescription filed by defendant, State Farm Mutual Automobile Insurance Company (State Farm). After review of the record in light of the applicable law and arguments of the parties, we affirm.

Relevant Facts and Procedural History

In October 2002, the plaintiff was the passenger in an automobile owned and operated by Luke Sporacio when it was involved in an accident with an automobile driven by Michael Scaglione. In October 2003, as a result of injuries suffered in the accident, the plaintiff filed suit against Mr. Scaglione and his insurance company, Progressive Security Insurance Company (Progressive). In April 2004, by supplemental and amending petition, the plaintiff added as defendants Mr. Sca-glione’s UM carrier, Allstate Insurance Company (Allstate), and her own UM carrier, State Farm. In July 2004, having compromised her claims against Mr. Sca-glione and Progressive, the plaintiff dismissed with prejudice her claims against | gthem.[1] In September 2004, the plaintiff filed her Second Supplemental and Amended Petition, reiterating her earlier claims and asking for judgment against Mr. Scaglione, Progressive, Allstate, and State Farm.[2] In December 2005, a motion and order dismissing State Farm without prejudice and reserving the right to proceed against Allstate was filed in the record.[3] In February 2010, the plaintiff filed her Third Supplemental and Amended Petition, renaming State Farm as a defendant seeking, “after due proceedings are had,” judgment against State Farm “as prayed for in plaintiffs first supplemental and third amended pe *520 tition for damages, and against Allstate Insurance Company.[4] In March 2011, State Farm filed its peremptory exception of prescription, pointing out that the plaintiffs claims against State Farm prescribed on or before December 2, 2007, as the pending claim against Allstate (the primary UM insurer), does not interrupt prescription against State Farm (the personal excess UM insurer) because Allstate and State Farm (primary and personal excess UM insurers) are not solidary obli-gors.
On June 6, 2011, the trial court granted State Farm’s exception of prescription. In its reasons for judgment, the trial court found that the plaintiff failed to prove that she placed any conditions on dismissing State Farm or that State Farm had agreed to be brought back into the lawsuit in the future. The plaintiff filed a motion for a new trial which was denied on September 28, 2011. In his reasons for judgment, the trial judge noted as follows:
|3The crux of Ms. Clotworthy’s argument is that, in an offer of judgment letter, State Farm incorrectly stated that the Allstate insurance policy that would be available to her had policy limits of $1,100,00.00 [sic], and that she relied on that material misrepresentation in agreeing to dismiss State Farm from the lawsuit. In effect, Ms. Clotwor-thy would like to “rescind” her motion to dismiss State Farm because of error.
While the Court is sympathetic to Ms. Clotworthy’s predicament, the law does not provide her with any relief. Once she voluntarily dismissed State Farm, Civil Code article 3463 erased the interruption of prescription that occurred as a result of her filing suit. Ms. Clotwor-thy’s claims are now prescribed and will remain so, even in [sic] the Court were to grant her a new trial. Unfortunately, Louisiana law does not allow Ms. Clot-worthy to take back her dismissal because of her error. The Court finds no legal grounds for granting her a new trial and, accordingly, denies her motion.
On October 13, 2011, the trial court granted the plaintiffs timely motion for a devolutive appeal from the judgment of September 28, 2011.

Standard of Review and Applicable Law

We consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits as well when, as here, it is clear from the appellant’s brief that he intended to appeal the merits of the case. See Smith v. Hartford Aca & Indem. Co., 254 La. 341, 223 So.2d 826, 828-29 (1969). When evidence is introduced and evaluated at the trial of a peremptory exception, an appellate court must review the entire record to determine whether the trial court manifestly erred with its factual conclusions. Davis v. Hibernia Nat. Bank, 98-1164 (La.App. 4 Cir.2/24/99), 732 So.2d 61, 63 (citation omitted); see also Katz v. Allstate Ins. Co., 04-1133, p. 2 (La.App. 4 Cir.2/2/05), 917 So.2d 443, 444 (factual conclusions of trial court reviewed under manifest error-clearly wrong standard).
The burden of proof is normally on the party pleading prescription but, if on the face of the petition it appears that prescription has run, the burden shifts to the |4plaintiff to prove a suspension or interruption of the prescriptive period. Younger v. Marshall Indus., 92-3134 (La.5/24/93), 618 So.2d 866, 869.

*521
Discussion

The plaintiff argues on appeal that the trial court judgment granting State Farm’s Exception of Prescription should be reversed because “it is clear that the parties agreed to dismiss State Farm according to restricted conditions” so that State Farm could be renamed as a party defendant “if and when all other coverages were exhausted.” As evidence, the plaintiff submits to the fact that the dismissal was without prejudice and filed after the prescription date. In addition, the plaintiff points to a letter from Shirley Chiap-petta (State Farm’s counsel) dated June 22, 2005 (prior to the dismissal) that counsel submitted as an exhibit in support of his Motion for a New Trial[5], stating “I enclosed a Restricted Motion and Order to Dismiss without Prejudice.” (emphasis in plaintiffs pleading). This letter appears in the record on appeal as an exhibit in support of the plaintiffs Motion for a New Trial, stating as follows:
Allstate’s Insurance Company has $1,100,000 underinsured motorist insurance coverage primary to State Farm’s UM policy. Allstate’s UM coverage is sufficient to cover your client’s damages. I would appreciate you agreeing to dismiss State Farm without prejudice. I enclosed a Restricted Motion and Order to Dismiss without Prejudice.
Although the plaintiff does not submit the proposed motion and order that was apparently enclosed in the letter, the record before us does include (as an exhibit to Allstate’s Motion for Summary Judgment) a letter from the plaintiffs counsel to State Farm’s counsel, dated August 24, 2005, apparently in response to |sMs. Chiappet-ta’s letter of June 22, 2005, which states “Per your request, please find enclosed the Motion and Order for Partial Dismissal Without Prejudice, which my client has authorized me to sign, for the above referenced matter.”
Notably, the “Motion and Order for Partial Dismissal without Prejudice” signed by the trial judge in December 2005[6] was submitted to the court by the plaintiffs counsel and specifically states:
On motion of plaintiff, Patricia L. Clotworthy, appearing herein through undersigned counsel of record, who suggests to this Honorable Court that State Farm Mutual Automobile Insurance Company should be dismissed, without prejudice, from the above entitle and numbered cause of action, with all parties to bear their own costs, reserving the rights of plaintiff to proceed against the remaining defendant, Allstate Insurance Company.
IT IS ORDERED that State Farm Mutual Automobile Insurance Company, be dismissed, without prejudice, from the above-entitled and numbered cause of action, with all parties to bear their own costs, reserving the rights of plaintiff to proceed against the remaining defendant, Allstate Insurance Company.
*522 Finally, State Farm submits an affidavit by Ms. Chiappetta wherein she declares that she never represented to the plaintiffs counsel that State Farm could be brought back into the lawsuit at any time or that, if and when the plaintiff exhausted all other coverage, the plaintiff could bring State Farm back into the lawsuit.
Accordingly, we agree with the trial court that the plaintiff has failed to prove that she placed any conditions on dismissing State Farm or that State Farm agreed to be brought back into this lawsuit. The plaintiffs counsel drafted the motion and order to dismiss State Farm from this lawsuit and the trial court signed the proposed order as submitted by counsel. Notably, there is no reservation in the 1 (¡motion and order. Clearly, an unqualified dismissal without prejudice does not constitute a reservation to reinstitute a prescribed lawsuit.

Conclusion

The trial court did not err in granting State Farm’s exception of prescription based on its finding that the plaintiff did not meet her burden in proving that prescription had been suspended or interrupted. Because the trial court did not err in granting State Farm’s exception, we pre-termit discussion of whether the trial court erred in denying the plaintiffs motion for a new trial.
The judgment of the trial court is affirmed.
AFFIRMED.

. The plaintiff also dismissed claims against Judy Scaglione, although it does not appear from the record that Ms. Scaglione was ever named as a defendant.

. Allstate and State Farm filed responses but no answer by Mr. Scaglione and Progressive, or explanation as to why judgment was sought against them when they had already been dismissed, appears in the record.

.This appears as an exhibit to State Farm’s Exception of Prescription.

. In April 2011, Allstate filed a motion for summary judgment which was granted resulting in Allstate’s dismissal with prejudice. That judgment was not appealed and is not an issue in this appeal.

. Although State Farm’s Exception of Prescription and memorandum in support with attached exhibits appears in the designated record on appeal, there is no indication in the record before us that plaintiff's counsel filed an opposition to the exception. The only pleading in opposition to State Farm's exception that appears in the record before us is the plaintiff's Motion for New Trial and memorandum with attached exhibit filed on June 15, 2011. The single exhibit submitted in support of the Motion for New Trial is the June 22, 2005, letter from State’s Farm’s counsel that makes reference to an enclosed "Restricted Motion and Order to Dismiss without Prejudice.”

. This document appears in the record as an exhibit to State Farm’s Exception of Prescription.