| | | |
|---|---|---|
| **GONZALO JUAREZ** | * | NO. 2023-CA-0734 |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **ANTHONY TURNER; GO** | * | |
| **AUTO INSURANCE; EMBARK** | | **FOURTH CIRCUIT** |
| **GENERAL INSURANCE** | * | |
| **ADJUSTERS LLC; AND** | | **STATE OF LOUISIANA** |
| **REDPOINT COUNTY** | * * * * * * * | |
| **MUTUAL INSURANCE** | | |
| **COMPANY** | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-01791, DIVISION "D"
Honorable Monique E. Barial, Judge[1]
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase)

Javier Jalice
JALICE LAW FIRM
2621 North Causeway Blvd.
Mandeville, LA 70471

      COUNSEL FOR PLAINTIFF/APPELLANT


Frank J. Romaguera, IV
LEWIS BRISBOIS BISGAARD & SMITH
400 Poydras Street
Suite 1300
New Orleans, LA 70130

      COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**MAY 16, 2024**

---

[1] The matter at issue was heard by Judge Inemesit O'Boyle, *pro tempore*.

*TGC*
*TFL*
*SCJ*

Appellant/Plaintiff, Gonzalo Juarez (hereinafter "Mr. Juarez"), seeks review of the trial court's May 23, 2023 judgment granting the motion for summary judgment filed by Appellee/Defendant, Redpoint County Mutual Insurance Company (hereinafter "Redpoint"). After consideration of the record before this Court and the applicable law, we affirm the trial court's judgment.

## <u>Facts and Procedural History</u>

This appeal arises from a March 23, 2021 hit and run accident that occurred when Mr. Juarez was struck from behind while traveling in New Orleans, Louisiana. Mr. Juarez filed a petition for damages naming the following defendants: Anthony Turner; Go Auto Insurance; Embark General Insurance Adjusters, LLC; and Redpoint. According to the petition, Mr. Turner negligently rear-ended Mr. Juarez's vehicle causing substantial injuries to him. The petition also alleges Redpoint, a foreign insurance company, issued a policy of insurance to Ms. Silvia Funez Ochoa in which Mr. Juarez is named as an additional insured.[2] Specifically, the petition states that "upon information and belief, Redpoint

---

[2] Ms. Silvia Funez Ochoa signed the policy of insurance using the name "Silvia Funez." For purposes of this Opinion, she will be addressed as Ms. Ochoa.

1

provides liability and uninsured/underinsured motorist insurance coverage for Plaintiff Gonzalo Juarez… ."

On January 30, 2023, Redpoint filed a motion for summary judgment maintaining there are no genuine issues of material fact that it does not provide coverage under the terms of its policy. Redpoint sought dismissal of Mr. Juarez's claims on the grounds that UM coverage was validly waived by the primary policy holder, Ms. Ochoa. According to Redpoint, the validity of the UM rejection form should be analyzed under Texas law as the policy was issued, negotiated, and executed in Texas.[3]

Mr. Juarez opposed the motion arguing Louisiana law should apply and that the waiver of UM coverage, signed by Ms. Ochoa, is invalid under Louisiana law.[4] Mr. Juarez contends Ms. Ochoa's waiver of UM coverage does not apply to him. He alleges that he contacted Redpoint asking for the issuance of a new and separate policy for his vehicle. Nonetheless, Mr. Juarez concedes that a new policy was not issued rather Redpoint simply added him to Ms. Ochoa's policy. Mr. Juarez maintains that since he lives in Louisiana, received medical care in

---

[3] The insurance policy's "Uninsured/Underinsured Motorist Coverage" provision signed by Ms. Ochoa on June 16, 2020, states: "I hereby reject Uninsured/Underinsured Motorist Coverage in its entirety." Redpoint contends that under Texas law, a UM waiver need only be in writing and does not require any additional requirements.

[4] Our Supreme Court has enumerated six requirements for a valid UM rejection form which includes:

> (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date.

*Duncan v. U.S.A.A. Ins. Co.*, 2006-363, pp. 11-12 (La. 11/29/06), 950 So.2d 544, 551.

Louisiana, and the accident occurred in Louisiana, Louisiana law should apply to the Texas policy.

At the conclusion of the hearing, the trial court granted Redpoint's motion for summary judgment, dismissing all claims against it with prejudice. On May 19, 2023, Mr. Juarez filed a "Motion for Reconsideration and/or New Trial and Motion for Continuance" which the trial court denied.[5] Mr. Juarez filed a notice of appeal and this devolutive appeal followed.[6]

## Standard of Review

This court reviews a trial court's grant or denial of a motion for summary judgment *de novo. Jones v. Whips Elec., LLC.*, 2023-0357, p. 8 (La.App. 4 Cir. 11/15/23), 377 So.3d 788, 795, *writ denied sub nom., Jones v. Whips Elec. LLC*, 2023-01631 (La. 2/14/24), 379 So.3d 31, *writ denied*, 2023-01650 (La. 2/14/24), 379 So.3d 34 (citations omitted). "An appellate court uses the same standards and rules as the trial court in deciding whether summary judgment is appropriate – 'whether there is any genuine issue of material fact, and whether the movant is

---

[5] Mr. Juarez filed his motion before the trial court issued a written judgment granting Redpoint's motion for summary judgment. The motion requested the trial court withdraw its ruling, made on the bench, which granted Redpoint's motion for summary judgment. Mr. Juarez's motion was based on the premise that he was not given an opportunity to complete relevant and adequate discovery.

[6] Our Code of Civil Procedure does not recognize a motion to reconsider; however, jurisprudence provides that a motion to reconsider is treated as a motion for new trial. *Jennings v. J. Ray McDermott Holdings*, 1999-3161, p. 2 (La.App. 4 Cir. 4/5/00), 760 So.2d 462, 463 (citation omitted). The denial of a motion for new trial is an interlocutory judgment and is not a final appealable judgment. *Succession of Hickman*, 2022-0730, p. 6 (La.App. 4 Cir. 3/15/23), 359 So.3d 584, 590 (citations omitted). Nonetheless, this Court may consider an interlocutory judgment when it is "part of an unrestricted appeal from a final judgment." *Id*. (citations omitted). We have often treated an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits when "it is clear from the appellant's brief that he intended to appeal the merits of the case." *Clotworthy v. Scaglione*, 2011-1733, p. 3 (La.App. 4 Cir. 5/23/12), 95 So.3d 518, 520. Mr. Juarez's brief suggests that he seeks to appeal the trial court's judgment granting Redpoint's motion for summary judgment. As such, we consider only the May 23, 2023 judgment for this appeal.

entitled to judgment as a matter of law.'" *Id.* (quoting *Planchard v. New Hotel Monteleone, LLC*, 2021-00347, pp. 2-3 (La. 12/10/21), 332 So.3d 623, 625) (citation omitted). "To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court." *Chatelain v. Fluor Daniel Const. Co.*, 2014-1312, p. 3 (La.App. 4 Cir. 11/10/15), 179 So.3d 791, 793 (citations omitted). "Whether an insurance policy provides for, or precludes, coverage as a matter of law is an issue that can be resolved within the framework of a motion for summary judgment." *Orleans Par. Sch. Bd. v. Lexington Ins. Co.*, 2012-1686, p. 9 (La.App. 4 Cir. 6/5/13), 118 So.3d 1203, 1212 (citation omitted). Thus, "the interpretation of an insurance policy is a question of law." *Id.* (citation omitted).

### Summary Judgment Principles

Summary judgment "is designed to secure the just, speedy, and inexpensive determination of every action… ." La. C.C.P. art. 966(A)(2). When the pleadings, depositions, answers to discovery, admissions on file and affidavits demonstrate no genuine issues of material fact, the mover is entitled to judgment as a matter of law. *Crosby v. Sahuque Realty Co., Inc.*, 2021-0167, p. 6 (La.App. 4 Cir. 10/13/21), 366 So.3d 123, 128 (citation omitted). "A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could only reach one conclusion, there is no need for trial on that issue, and summary judgment is appropriate." *Id.* (citation omitted). "A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Id.*, 2021-0167, pp. 6-7, 366 So.3d at 128-29 (citations omitted). This

4

Court must look towards the applicable substantive law to determine if a fact is material. *Id.*, 2021-0167, p. 7, 366 So.3d at 129 (citation omitted).

The mover bears the burden of proof, however if the mover will not bear the burden at trial he is not required to negate all essential elements of the adverse party's claim. La. C.C.P. art. 966(D)(1). In considering a motion for summary judgment, our Supreme Court has set forth the following burden-shifting guidelines:

> the burden of producing evidence at the hearing on the motion for summary judgment [is] on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial.

*Babin v. Winn-Dixie Louisiana, Inc.*, 2000-0078, p. 4 (La. 6/30/00), 764 So.2d 37, 39 (citations omitted). Summary judgment is therefore rendered against the adverse party if the party fails to set forth specific facts demonstrating a genuine issue of material fact. *Santos v. USAA Cas. Ins. Co.*, 2023-0559, p. 3 (La.App. 4 Cir. 9/18/23), 372 So.3d 826, 828.

## Discussion

Although Mr. Juarez's brief to this Court focuses on the trial court's denial of his motion for new trial, we find the issue germane to this appeal to be whether the trial court erred in granting Redpoint's motion for summary judgment. Redpoint's motion for summary judgment asserts that Texas law should apply because the policy was issued and negotiated in Texas and the primary policy holder, Ms. Ochoa, executed a valid UM waiver form under Texas law.

In determining whether Texas or Louisiana law applies to the insurance policy, we must conduct a choice-of-law analysis. The starting point requires the court to first determine whether a difference exists between Louisiana's and Texas' UM law. *See Champagne v. Ward*, 2003-3211 (La. 1/19/05), 893 So.2d 773. Where the requirements differ, an appellate court should then conduct a choice-of-law analysis under La. C.C. arts. 3515 and 3537 to determine which states' law applies. *Id.*, 2003-3211, p. 22, 893 So.2d at 786. Our Civil Code provides the general provisions for governing conflict of laws in La. C.C. art. 3515, which provides:

> Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in light of: 1) the relationship of each state to the parties and the dispute; and 2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

Further, the provisions for conflicting laws within conventional obligations are found in La. C.C. art. 3537, which provides:

> Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in light of: 1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; 2) the nature, type, and purpose of the contract; and 3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

Both Texas and Louisiana law favor UM coverage and both states require an affirmative act or order to waive coverage. *See* La. R.S. 22:1295 and Tex. Ins. Code §1952.101. Nonetheless, different formalities exist between the states when determining whether a valid waiver of coverage exists. Both states provide coverage, unless a valid waiver in writing is signed by the insured. *See* La. R.S. 22:1295(1)(a)(ii) and Tex. Ins. Code §1952.101(c).[7] However, Texas law differs as it "requires only minimal effort by the insured" and does not require special language or specific procedure. *Garces-Rodriguez v. GEICO Indem. Co.*, 2016-196, p. 6 (La.App. 5 Cir. 12/21/16), 209 So.3d 389, 393 (citing *Ortiz v. State Farm Mut. Auto Ins. Co.*, 955 S.W.2d 353, 359 (Tex.App.1997)). Conversely, Louisiana law imposes additional requirements for a valid UM waiver. *See Duncan v. U.S.A.A. Ins. Co.*, 2006-363, pp. 11-12 (La. 11/29/06), 950 So.2d 544, 551.

The facts of this case are not in dispute. Redpoint issued, negotiated, and executed a policy of insurance to Ms. Ochoa in the state of Texas. Mr. Juarez was named as an additional insured. The policy is a Texas personal automobile policy and lists only Texas addresses for the insurance agency and primary policy holder, Ms. Ochoa. Ms. Ochoa executed a UM waiver denying UM coverage in accordance with Tex. Ins. Code. §1952.101(c). While we acknowledge the accident occurred in Louisiana, when applying the relevant factors of La. C.C. arts. 3515 and 3537, to the facts of this case, we find the trial court did not err in finding Texas law applies. We likewise find that no additional amount of discovery would

---

[7] Tex. Ins. Code. §1952.101(c) provides: [t]he coverage required by this subchapter does not apply if any insured named in the insurance policy rejects the coverage in writing. Unless the named insured requests in writing the coverage required by this subchapter, the insurer is not required to provide that coverage in or supplemental to a reinstated insurance policy or renewal insurance policy if the named insured rejected the coverage in connection with that insurance policy or an insurance policy previously issued to the insured by the same insurer or by an affiliated insurer.

7

affect the outcome of the case. Accordingly, the trial court properly granted summary judgment in Redpoint's favor.

## Decree

Based on the foregoing, we affirm the trial court's May 23, 2023 judgment granting Redpoint's motion for summary judgment.

**AFFIRMED**