I ¡.SOL GOTHARD, Judge.
Plaintiff, Walter Duperclay, appeals an adverse judgment in which the trial court found he failed to prove defendant, the City of Lutcher (city), was liable for his accident, and dismissed all claims against this defendant. For reasons that follow, we affirm.
Plaintiff filed this negligence action to recover for damages and injuries incurred when the vehicle he was driving was struck by a freight train at a railroad crossing on Alexander Street in Lutcher, Louisiana. Plaintiff named the City of Lutcher, its insurer, Louisiana Municipal Association, and the Illinois Central Railroad Company[1] as defendants. In the initial petition, plaintiff alleged the city was negligent in:
1) failing to construct and maintain the street, railroad crossing, and railroad tracks in conformity with the generally accepted and recognized modes of construction and maintenance;
2) failing to provide adequate or any warning signs or signals at the location of accident (sic);
3) allowing a house trailer to encroach on the railroads (sic) right-of-way which obstructs the view of motorists, and is a per se zoning violation pursuant to the rules and procedures of the City of Lutcher’s Planning and Zoning Commission.
IsThe parties conducted discovery and filed pre-trial memoranda, and the court rendered a pre-trial order. Subsequently, plaintiff settled his claims against the railroad, and on May 5, 2003 the court issued an order dismissing plaintiffs claims against the railroad with prejudice, but reserving plaintiffs right to continue his action against the city.
The matter went to trial on December 2 and 3, 2003, after which the trial court rendered the judgment appealed herein. In that judgment, the trial court found *126 that “plaintiff failed in his burden of proof to show that the Town of Lutcher was liable for causing the plaintiffs accident, that the sole cause of the accident was due to the plaintiffs negligence, and that the plaintiff was 100% at fault.” The trial court gave extensive reasons for his judgment from the bench. Those reasons were transcribed and are contained in the record.

FACTS

The record shows that plaintiff, Walter Duperclay, was a resident of the area and familiar with the railroad crossing at Alexander Street. He stated that, on the day of the accident, he was on his way to a meeting at the Union Hall to discuss the strike at Kaiser. He turned left onto Alexander Street, and stopped twice before proceeding onto the track. He looked both ways, but did not see a train or hear a whistle. He did not recall trying to back-up before he was hit by an oncoming train. As a result of the accident, Mr. Duperclay suffered severe injury.
Mr. Duperclay maintains that a house trailer obstructed his view of the railroad crossing and caused the accident. He further asserts that the city is liable because it allowed the placement of the trailer in violation of its zoning ordinance. However, the trial court found no liability on the part of the city because, it did not find the placement of the trailer was a cause of the accident. To the contrary, the trial court found Mr. Duperclay to be 100% at fault for the accident.
4In brief to this court, Mr. Duper-clay asserts the trial court erred in holding that the city was not at fault in the accident that caused the injuries. His argument in this regard is that the trial court committed legal and factual error in finding no liability for the city. His arguments incorporate elements of unreasonable risk of harm and causation.
To recover damages from a public entity, a plaintiff must prove the thing that caused the damage was in the custody of the defendant, that the thing was defective because it had a condition that created an unreasonable risk of harm, that the defendant had actual or constructive notice of the defect, but failed to take corrective measures within a reasonable time, and that the defect was a cause in fact of the injuries. La. R.S. 9:2800; Fuselier v. Matranga, 01-721 (La.App. 5 Cir. 11/27/01), 803 So.2d 151, 154, writ denied, 01-3393 (La.3/15/02), 811 So.2d 908. The elements are the same whether the lawsuit is brought under negligence or strict liability. Id.
In this case, the primary assertion is that the city allowed an obstruction of plaintiffs vision on a public roadway, causing or contributing to the cause of a vehicle accident. It is undisputed that the trailer in question is located within the railroad company’s right of way, and that the city allowed the placement of the trailer in this location in violation of its zoning ordinances.
In Fuselier v. Matranga, supra, 803 So.2d at 155, this court stated:
It is well settled that a governmental authority that undertakes to control traffic at an intersection must exercise a high degree of care for the safety of the motoring public. A public entity, however, cannot guarantee the safety of all travelers. Nor can the public entity be held responsible for all injuries resulting from any risk posed by the roadway or its appurtenances, only those caused by an unreasonable risk of harm to others.
(Citations omitted)
1 ¡¡Further, a motorist is under a duty to drive prudently and this includes the duty to keep control of his vehicle and to keep a *127 proper lookout for hazards. Alford v. Estate of Zanca, 552 So.2d 7 (La.App. 5 Cir.1989).
Whether a public entity breached its duty to the motoring public, by knowingly maintaining a defective or unreasonably dangerous roadway, depends on the facts and circumstances of' the case. Fuselier v. Matranga, supra, 803 So.2d at 155. Both the determination of whether a condition is dangerous and hazardous, and causation, are fact-specific inquiries. Ir-ion v. State ex rel. Dept. of Transp. and Development, 98-2616 (La.App. 1 Cir. 5/12/00), 760 So.2d 1220, writ denied, 00-2365 (La.11/13/00), 773 So.2d 727. Great deference is accorded to the trier of fact on the issue of causation. Lemaire v. Airline Lions Club Home, Inc., 02-699 (La.App. 5 Cir. 11/26/02), 833 So.2d 464, writ denied, 02-3221 (La.3/14/03), 839 So.2d 44. It is well settled that a court of appeal may not set aside a trial court’s factual finding in the absence of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989). Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Id.; Arias v. Albe, 04-26 (La.App. 5 Cir. 5/26/04), 876 So.2d 179.
In the matter before us, the trial court has provided extensive and well-written reasons for judgment which we have reviewed, being mindful of the above cited standard. It’s clear from the reasons for judgment that the decision of the trial court focused on the issue of causation. Our courts have applied the “substantial factor” test to determine causation in cases where there may be several causes-in-fact for an accident. Graves v. Page, 96-2201 (La.11/7/97), 703 So.2d 566, 570.
Un making the finding that the plaintiff was 100% at fault, the trial court placed significance on the testimony of the plaintiff that he was familiar with the intersection and knew he had to stop at the crossing. He stated that he stopped twice and looked right and left before proceeding across the tracks, but never saw the train. Some of this testimony is contrary to the testimony of the engineer of the train, who testified he began blowing the whistle about two miles back at another intersection, and that as he approached the intersection at issue herein, he saw plaintiffs van on the track trying to back-up. The Reverend Herbert Gordon, who was working on his home nearby testified that he heard the train whistle blowing as it approached, and when he saw plaintiffs vehicle nearing the track, Rev. Gordon began waiving to try to get plaintiffs attention, to no avail.
The trial court also considered the testimony of experts for the defense as well as the plaintiff. Although the experts testified that the trailer did present a visual obstruction to a motorist on Alexander Street, the court noted that both experts agreed that even with the encroachment of the trailer on the railroad right of way, a driver could see a train coming. Specifically, plaintiffs expert, Blaine Jackson, testified that if plaintiff stopped 60 feet from the near rail of the track, he could see 130 feet down the track; if he stopped 45 feet away, he could see 250 feet down the track. The trial court noted that the defense expert, Vernon Tekell, Jr., essentially agreed with those calculations. There was also testimony that the train was traveling about 37 mph as it approached the intersection.
The record also contains photographic evidence of the intersection and the trailer. It shows that, while the trailer blocks a motorist’s vision of a train coming far *128 down the track, it does not support plaintiffs testimony that he knew the intersection well and stopped twice before proceeding across the tracks, but still could not see the train coming.
17Given the testimony, documentary and photographic evidence presented herein, we cannot find the trial court erred in its finding that any breaches of duty by the city were not causes of plaintiffs accident, and that the plaintiff was 100% at fault for the accident. Accordingly, we affirm the decision of the trial court. Costs of this appeal are assessed to plaintiff.

AFFIRMED.

. The company is now known as Canadian National/Illinois Central Railroad Company.