980 So.2d 1 (2008)
Myra JONES
v.
The GRAY INSURANCE COMPANY, Penske Truck Leasing Corporation, Gly-Tech Services, Inc., James Blum, Unidentified Insurer XYZ, Unidentified Tractor Owner ABC and Unidentified Trailer Owner DEF.
No. 07-CA-650.
Court of Appeal of Louisiana, Fifth Circuit.
February 6, 2008.
Peter R. Brigandi, Attorney at Law, Gretna, Louisiana, for Plaintiff/Appellant.
Jacqueline G. Griffith, Charles O. Taylor, Carl L. Aspelund, Attorneys at Law, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
Plaintiff, Myra Jones, appeals a summary judgment granted in favor of defendant, Penske Truck Leasing Co., L.P. ("Penske").[1] For the following reasons, *2 we reverse the summary judgment and remand this case for further proceedings.
FACTS AND PROCEDURAL HISTORY
This case arises from a motor vehicle accident that occurred on March 2, 2005. According to plaintiff, a tractor-trailer unit driven by James Blum ("Blum") crashed into the rear of her vehicle, causing her to sustain serious injuries. The parties agree that the tractor portion of the vehicle was owned by Penske. The trailer was allegedly owned by Gly-Tech Services, Inc. ("Gly-Tech"). On March 2, 2006, plaintiff filed a Petition for Damages naming James Blum, Penske, Gly-Tech, Gray Insurance Company ("Gray Insurance"), which was Gly-Tech's insurer, and others as defendants. In her petition, plaintiff sets forth numerous theories of liability.
Gly-Tech and Gray Insurance filed an Answer on April 27, 2006, admitting that Blum was an employee of Gly-Tech at the time of the accident and that Blum was driving the truck involved in this accident with his employer's permission. Penske filed an Answer on May 18, 2006 in which it adopted the Answer submitted by Gly-Tech and Gray Insurance.
On August 9, 2006, Penske filed a Motion for Summary Judgment, seeking dismissal of plaintiff's claims against it. In its motion, Penske asserted that it is entitled to summary judgment based on the affidavit of James Blum, in which he stated that he was not employed by Penske and did not perform any mission or service for Penske on the date of the accident. Mr. Blum indicated that Penske owned the tractor potion of the truck and Gly-Tech owned the trailer portion. He further stated that:
. . . . he knows of his own personal knowledge that at the time of the accident the tractor portion of the tractor-trailer unit that he was operating did not experience any mechanical difficulties and that the braking system of said tractor portion was in good working order.
On October 24, 2006, plaintiff filed a memorandum in opposition to Penske's Motion for Summary Judgment. In her memorandum, plaintiff argues that there are several issues of material fact regarding whether or not Penske is liable for her injuries. She claims that Mr. Blum, who is an alleged tortfeasor in this case, is not an expert and that his affidavit is insufficient to establish that the brakes on the tractor portion of the truck were in good working order at the time of the accident. She asserts that Penske has not provided any maintenance records or repair invoices evidencing that Penske properly maintained the brakes on the tractor. She further refers to Blum and Penske's answer to plaintiff's Interrogatory Number Nine,[2] in which they stated that, as Mr. Blum approached the intersection, plaintiff's vehicle stopped very quickly and he attempted to apply his brakes, but he was unable to stop before striking plaintiff's vehicle because the trailer brakes were not operating properly. Plaintiff also submitted the Vehicle Lease Service Agreement between Penske and Gly-Tech, and argued that this agreement provided that Penske was responsible for the maintenance and repair of the tractor portion of the vehicle. *3 Finally, plaintiff asserted that there are several genuine issues of material fact that remain in this case, including:
1) Whether the tractor portion of the tractor-trailer experienced mechanical difficulties on March 2, 2005?
2) Whether the braking system of the tractor portion of the tractor-trailer was in good working order on March 2, 2005?
3) Whether James Blum has sufficient expertise or knowledge to testify that the tractor portion of the vehicle did or did not experience mechanical difficulties on March 2, 2005?
4) Whether James Blum has sufficient expertise or knowledge to testify that the braking system of the tractor was or was not in good working order on the date of the accident?
5) Whether James Blum was a de facto employee of Penske on March 2, 2005?
On October 30, 2006, Penske filed a Supplemental Memorandum in support of its Motion for Summary Judgment, and attached a second affidavit of Mr. Blum. In this affidavit, Mr. Blum asserted that he is qualified as an expert in brake failure, because he has been employed as an operator of tractor-trailer units since 1997 and has been required throughout that time to adjust the brakes on these units, perform repairs on them, and determine the nature and extent of problems with these units, including braking systems. He further stated that he knew of personal knowledge that the brakes on the tractor portion of the vehicle at issue were self-adjusting because they have never had to be adjusted, unlike the brakes on the trailer which have had to be adjusted.
On November 3, 2006, Penske's Motion for Summary Judgment came for hearing. At the conclusion of the hearing, the trial judge took the matter under advisement. On February 2, 2007, the trial judge rendered a judgment granting Penske's Motion for Summary Judgment. It is from this ruling that plaintiff appeals.
DISCUSSION
On appeal, plaintiff contends that summary judgment should not have been granted at this early stage in the proceedings, because there are issues of material fact regarding whether or not Penske is liable for negligence in failing to maintain or failing to repairing its vehicle. Plaintiff asserts that Penske was responsible for maintaining and repair the tractor that crashed into plaintiff's vehicle, and that a factfinder could find that Penske breached its duty.
Penske responds that summary judgment was properly granted in its favor because the affidavits in support of its motion make it clear that there was no brake defect in the tractor portion of the tractor-trailer unit. It contends that the sole issue is whether or not there is any way that Penske could be responsible for any braking problems at the time of the accident.
It is well settled that appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94), 639 So.2d 730, 750; Nuccio v. Robert, 99-1327, p. 6 (La.App. 5 Cir. 04/25/00), 761 So.2d 84, 87, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). Because the *4 mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Hines v. Garrett, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765.
A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. Id. In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. White v. Shell Exploration & Production Co., 06-677, p. 5 (La.App. 5 Cir. 1/30/07), 951 So.2d 1208; writs denied, 07-407, 07-440 (La.4/20/07), 954 So.2d 164, 166.
In the present case, according to plaintiffs memorandum in opposition to Penske's Motion for Summary Judgment, Mr. Blum and Penske asserted in their answer to interrogatory number nine that the accident was caused by the fact that the brakes on the trailer were not operating properly. In his affidavits, Mr. Blum contends that he "knows of his own personal knowledge" that the tractor portion of the tractor-trailer unit did not experience any mechanical difficulties at the time of the accident and that the braking system of the tractor was in good working order. Mr. Blum asserts that in his experience as an operator of tractor-trailer units, he has often had to perform repairs and to determine the nature of a problem or breakdown of a tractor-trailer unit, including its braking system. Although he states that he was familiar with the tractor-trailer unit at issue because he was normally assigned to operate it, he does not indicate in his affidavits that he did any examination of the unit to determine the cause of the alleged brake failure after the accident. Rather, he merely contends that the brakes on the tractor portion were self-adjusting "because they never had to be adjusted" and that "when the brakes of the tractor-trailer unit had to be adjusted it was always the brakes of the trailer portion of the unit."
After conducting a de novo review of the Motion for Summary Judgment, opposition, and exhibits, we find that there are clearly genuine issues of material fact that preclude summary judgment at this stage of the litigation. The affidavits of James Blum are insufficient to establish that Penske is not liable for plaintiff's damages and that Penske is entitled to judgment as a matter of law. First, in our view, the affidavits do not affirmatively establish that Mr. Blum, an alleged tortfeasor in this litigation, is competent to testify as an expert. However, even if we accept Mr. Blum as an expert in brake failure, there are still issues of material fact that remain.
Among other issues, we find that the cause of the accident is a genuine issue of material fact. Penske asserts that the accident in this case was caused by a brake failure in the trailer portion of the unit. However, plaintiff contends that the accident may have been caused by a brake failure in the tractor portion. The evidence presented does not resolve this dispute. Further, ultimate facts and conclusions of law contained in supporting affidavits cannot be considered on a motion for summary judgment. ACMG of Louisiana, Inc. v. Jones, 35,102, p. 5 (La.App. 2 Cir. 9/26/01), 796 So.2d 704, 707, writ denied, 01-2869 (La.1/11/02), 807 So.2d 240. The cause of the accident is certainly an ultimate fact in this case.
Our analysis on a motion for summary judgment includes examining the mover's supporting documents to determine if they *5 are sufficient to resolve any material issues of fact and, if they are found to be insufficient, the motion must be denied. Leger v. Tyson Foods, Inc., 95-1055 (La. App. 3 Cir. 1/31/96), 670 So.2d 397, 400, writ denied, 96-545 (La.4/19/96), 671 So.2d 920. The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case showing that there are no genuine issues of material fact. Manders v. Singleton, 558 So.2d 772, 775 (La.App. 5 Cir. 3/14/90). Where the moving party fails to show that there are no genuine issues of material fact, the adverse party may rest on mere allegations or denials contained in his pleadings. Downtown Parking Service, Inc. v. Hyman, 93-1803 (La.App. 4 Cir. 3/15/94), 635 So.2d 282, 284, writ denied, 94-1519 (La.9/23/94), 642 So.2d 1298. Having found that Penske has not presented sufficient evidence in support of its motion for summary judgment, we find that summary judgment was improperly granted in this case. Accordingly, we reverse and vacate the summary judgment rendered in favor of Penske, and we remand this case for further proceedings.
DECREE
For the foregoing reasons, we reverse the summary judgment granted in favor of Penske, and we remand this case for further proceedings.
REVERSED AND REMANDED.
DALEY, J., concurs with reasons.
DALEY, J., concurs with reasons:
I concur with the majority's reversal only because defendant, Penske Truck Leasing Corporation, in their Summary Judgment motion failed to argue or assert that there is an absence of factual support essential to plaintiff's cause of action. See LSA-C.C.P. art. 966 C(2). If they had asserted that there was a lack of proof that Penske failed to maintain the tractor in question or that the failure to maintain caused or contributed to the accident, plaintiff would have been required to come forward with evidence to support that cause of action. Penske's Motion for Summary Judgment is based on ownership alone and does not address its contractual obligation to maintain. Therefore, I concur in the reversal of the Summary Judgment in its current posture.
NOTES
[1] "Penske Truck Leasing Corporation" was originally named as a defendant. However, an Amended Answer was filed on August 31, 2006 to reflect that the proper name of this defendant is actually "Penske Truck Leasing Co., L.P.," and to substitute the correct name wherever this defendant is referenced in the record.
[2] In her memorandum, plaintiff sets forth some of defendants' alleged answers to interrogatories and requests for production of documents. However, a copy of defendants' answers to interrogatories is not contained in the record on appeal.