MARION F. EDWARDS, Chief Judge.
12PIaintiffs/appellants, Barbara Drury, individually and as administratrix of the estate of her minor daughter, Amber Dru-ry, and Brian Winkler (“Winkler”), appeal summary judgment granted in favor of the defendanVappellee, the Parish of Jefferson.
The matter involves an auto accident that occurred on October 14, 2005. On that date, at approximately 10:14 p.m., Amber Drury was operating her vehicle and attempting to cross Veterans Memorial Boulevard at the intersection of Lake Villa Avenue. As she did so, her vehicle was struck by a Ford Explorer owned and driven by defendant, Harold Vega (“Vega”). Amber Drury suffered injuries to her person. Winkler was a passenger in Amber’s auto and also sustained injuries. Drury and Winkler filed separate lawsuits, which were ultimately consolidated for disposition.
The original suit filed by Drury named Alstate Insurance Company (“Alstate”) and its insured, Vega, as defendants. By a supplemental and amending petition, the State of Louisiana, through the Department of Transportation and ^Development (“DOTD”) and the Parish of Jefferson (“the Parish”) were also named as defendants. In the amending petition, Drury alleged that the intersection at which the accident occurred was designed in a manner that created an unreasonable risk of harm due in part to a rise in the roadway just west of the intersection. In a second amending petition, Drury alleged that the placement of the stop sign necessitated a driver to approach the edge of the highway in order to obtain a view of oncoming traffic and that her view was obscured by foliage on the public servitude, as well as by a bus stop covered with signage that constituted an obstruction. Following a partial settlement, Vega and Alstate were dismissed from the Drury lawsuit.
In the original Winkler petition, all of the above named defendants, plus Liberty Mutual Fire Insurance Company (“Liberty Mutual”), as Winkler’s uninsured motorist (UM) carrier, were impleaded. In subsequent proceedings, Vega, Alstate, DOTD, and Liberty Mutual were voluntarily dismissed. The Parish filed motions for summary judgment in both cases. Ater a hearing on June 18, 2010, the trial court granted summary judgment in favor of the Parish in both consolidated cases. This appeal follows.
At the hearing, the Parish argued that all factual evidence demonstrated that *636 Amber Drury disregarded the stop sign placed at the intersection and this fact, in addition to the intoxication of Vega, was the cause of the accident. It was further urged that the plaintiffs failed to meet their burden of proof as to the notice requirement under La. R.S. 9:2800. The Parish contended that, although the plaintiffs asserted that a bus shelter, bushes, trees, and other foliage restricted the visibility of eastbound oncoming traffic at the intersection, it had not been shown that the site existed as depicted at the time of the accident, or that the Parish had actual or constructive notice of an unreasonably dangerous condition. Thus, |4according to the Parish, plaintiffs had failed to put forth sufficient factual support as to one or more elements of the claim.
In connection with its Motion For Summary Judgment, the Parish attached a copy of the police report. It also attached an affidavit of Don L. Ivey, a civil engineer, who attested that he studied the police report, photographs of the intersection and of the damage to plaintiffs vehicle, and certain pleadings. The intersection was surveyed, at his request and under his direction, and he opined that the traffic controls were appropriate, that the sight distance was according to standards, and that a driver “responding properly” to the stop sign has more than enough time and distance to cross the highway safely. He ultimately concluded that the intersection was properly designed and that the accident was caused by Amber Drury, who either disregarded the stop sign or chose to proceed without consideration of oncoming visible traffic.
In opposition to the motion, plaintiffs filed a report by its expert, 0. Franklyn Griffith III, a professor of physics, who concluded that measurements and photographs taken by him showed a line of vision obstruction consisting of bushes, trees, a bus stop shelter, and two bush lines approximately perpendicular to Veterans Memorial Boulevard. He further opined that the vision of two witnesses, who indicated that Amber Drury did not stop at the stop sign, was- also obscured. He concluded that the restricted sight line was a major causative factor in the accident. Attached to his report are photocopies of the pictures taken by him at the scene. Also attached were portions of Amber’s deposition in which she testified that her friend, Shantel Guerrea, told her she saw Amber stop at the stop sign. Finally, plaintiffs attached summaries of accident reports for 1997-99 showing the number of accidents at the intersection.
|sAlso in the appellate record is Wink-ler’s affidavit. Winkler stated he did not observe Amber Drury disregarding any traffic signs or signals.
On July 7, 2010, after the hearing, but while the judgment was under advisement, plaintiffs filed an Addendum to Plaintiffs Post-Hearing Memorandum and Request to Hold Case in Abeyance Pending Discovery. In that pleading, Drury attached certain Responses of Jefferson Parish to a Request for Admissions, which responses were served on July 7, 2010. In the responses, the Parish admitted that it made or participated in making the decision regarding the location and placement of the bus stop at the intersection in question and that it had a contract with a third party to maintain and repair it at the time of the accident.
The trial court granted judgment on October 6, 2010, at which time it determined that the plaintiffs could not sustain their burden of proof under La. R.S. 9:2800 “regarding knowledge of the alleged defect and failure to take corrective action by the Parish of Jefferson.” The court referred to photos submitted by the plaintiffs, finding they “do not prove per se that the *637 Parish knew or should have known of the alleged defect, there is no evidence that the Parish constructed the bus stop, and no evidence that the Parish knew or should have known of alleged [sic] defect in the line of vision.” The court also found that accident reports submitted by the plaintiff were not timely, were not disposi-tive, and did not show knowledge of any alleged defect.
After rendition of the judgment, plaintiffs filed a motion for a rehearing, urging that the depositions of the Director of Engineering for the Parish, Mark Drews, and the Director of Transit, Darnel Brown, had been taken on September 13, 2010, after the hearing but, again, while the matter was still under advisement. Plaintiffs stated that the depositions had been delivered to them on October 6 (the same day summary judgment was rendered) and averred that the transcript shows [fithe existence of material facts. Specifically, it was alleged that the transcript shows the Parish made the determination as to the location of the bus stop and, thus, had actual notice of a defect.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo. An appellate court, thus, asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.[1] On a motion for summary judgment, the burden of proof is on the mover. Under La. C.C.P. art. 966, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require that all essential elements of the adverse party’s claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentia-ry burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2).[2]
Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion.[3]
|7In actions against a public entity, the plaintiff must establish that the thing which caused the damage was in the custody of the defendant, that the thing was defective because it had a condition which created an unreasonable risk of harm, that defendant had actual or constructive notice of the defect and failed to take corrective measures within a reasonable time, and that the defect was a cause in fact of plaintiffs injuries. La. R.S. 9:2800.[4] “Constructive notice shall mean the exis *638 tence of facts which infer actual knowledge.” La. R.S. 9:2800(D). Constructive notice can be found if the conditions which caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury.[5]
Whether a public entity breached its duty to the motoring public, by knowingly maintaining a defective or unreasonably dangerous roadway, depends on the facts and circumstances of the case.[6] Both the determination of whether a condition is dangerous and hazardous, and causation, are fact-specific inquiries.[7]
The police report introduced by the State at the hearing on the motion was incompetent evidence for summary judgment. On motions for summary judgment, supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. La. C.C.P. art. 967. Personal knowledge means something which a •witness actually saw or heard, as distinguished from something a witness learned from some other person or Issource.[8] A police report does not comply with the requirement that supporting and opposing affidavits shall be made on personal knowledge.[9] In this case, the Parish failed to provide an affidavit or deposition testimony of the police officer who authored the report or other witnesses, in support of its motion for summary judgment.
Similarly, La. C.C.P. arts. 966 and 967 do not permit a party to utilize un-sworn and unverified documents as summary judgment evidence. Thus, a document that is not an affidavit or sworn to in any way, or is not certified or attached to an affidavit, has no evidentiary value on a motion for summary judgment. Therefore, in meeting the burden of proof, un-sworn or unverified documents, such as letters or reports, annexed to motions for summary judgment are not self-proving and will not be considered; attaching such documents to a motion for summary judgment does not transform such documents into competent summary judgment evidence. For this reason, we do not consider Dr. Griffith’s report or the attachments thereto, nor do we consider the accident summary reports submitted.
At summary judgment, the issue urged was that plaintiffs could not prove that the Parish had actual or constructive notice knowledge of an unreasonably dangerous condition. The admissions submitted by plaintiffs show that the Parish had knowledge of and/or responsibility for the precise location of the bus stop, which Amber Drury urges obscured her vision of the roadway and, thus, constituted a defect (according to plaintiffs). Whether or not a condition (in this case the position of the bus stop) constitutes a defect is a question of material fact. The structure was on the *639 Parish property and in the custody of the Parish. Whether the Parish had actual or constructive notice of a potential defect is a question of |flfact. The answers to the request for admissions submitted by the plaintiffs put that matter at issue. Mr. Ivey’s affidavit does not address and, thus, does not resolve the question. Additionally, Mr. Ivey’s conclusions as to the cause of the accident are not supported by the facts delineated in his affidavit. Under the circumstances, the cause of the accident is an unanswered question of fact.
Contrary to the trial court’s several comments at the hearing, constructive notice is not actual notice. As stated above, constructive notice may be shown if the conditions that caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury. This fact has yet to be determined.
For the foregoing reasons, we reverse the judgment of the trial court and remand the matter for further proceedings.

REVERSED AND REMANDED

. Wallace v. Treasure Chest Casino, L.L.C., 05-484 (La.App. 5 Cir. 12/27/05), 920 So.2d 251, 254.

. See also, e.g., Janney v. Pearce, 09-2103 (La.App. 1 Cir. 5/7/10), 40 So.3d 285, 288-89, writ denied, 10-1356 (La.9/24/10), 45 So.3d 1078.

. Jones v. Gray Ins. Co., 07-650 (La.App. 5 Cir. 2/6/08), 980 So.2d 1, 3-4 (citing Hines v. Garrett, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765).

. See also, Warden v. Richoux, 09-794 (La. App. 5 Cir. 3/23/10), 40 So.3d 139, 145, writ denied, 10-0921 (La.6/25/10), 38 So.3d 340 (citing Fuselier v. Matranga, 01-721, p. 5 (La. *638 App. 5 Cir. 11/27/01), 803 So.2d 151, 154-55, writ denied, 01-3393 (La.3/15/02), 811 So.2d 908).

. Warden v. Richoux, supra (citing Blount v. East Jefferson Gen. Hosp., 04-407, p. 5 (La.App. 5 Cir. 10/12/04), 887 So.2d 535, 538).

. Duperclay v. Illinois Cent. R.R. Co., 04-452 (La.App. 5 Cir. 12/28/04), 892 So.2d 124, 127 (citing Fuselier v. Matranga, 01-721 (La.App. 5 Cir. 11/27/01), 803 So.2d 151, writ denied, 01-3393 (La.3/15/02), 811 So.2d 908).

. Duperclay, supra.

. Estate of Loveless ex rel. Loveless v. Gay, 41,575 (La.App. 2 Cir. 12/13/06), 945 So.2d 233, 236.

. Id.