# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CW 18-4


CAROLYN A. WATTS

VERSUS

**GOLDEN NUGGET LAKE CHARLES, LLC**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2015-4762
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John D. Saunders, Elizabeth A. Pickett, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


**WRIT GRANTED AND MADE PEREMPTORY.**

**Philip A. Costa**
**Lance Stephen Ostendorf**
**John Gleason Alsobrook**
**Ostendorf, Tate, Barnett, LLP**
**650 Poydras Street, Ste 1460**
**New Orleans, LA 70130**
**(504) 324-2244**
**COUNSEL FOR DEFENDANT/APPLICANT:**
 **Golden Nugget Lake Charles, LLC**

**Craig Hunter King**
**The King Law Firm**
**2245 Virginia St.**
**Baton Rouge, LA 70802**
**(504) 460-0168**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
 **Carolyn A. Watts**

**EZELL, Judge.**

Relator, Golden Nugget Lake Charles, LLC (Golden Nugget), seeks review of the denial of its motion for summary judgment.

## STATEMENT OF THE CASE

Plaintiff, Carolyn A. Watts,[1] filed a petition against Golden Nugget alleging damages for injuries allegedly resulting from a slip and fall on a wet floor in the lobby of the casino on December 28, 2014.[2] Ms. Watts alleged injuries to her right shoulder, neck, and back.[3]

Golden Nugget filed a motion for summary judgment alleging that the accident occurred outside the casino, on the boardwalk, while it was raining such that Ms. Watts could not show that the walkway was a hazard or defective and/or that Golden Nugget's negligence or fault caused the incident in question. In support of its motion, Golden Nugget attached the transcript of Ms. Watts' deposition. Golden Nugget also attached the video surveillance that was taken of the incident. The affidavit of Justin Yelverton, Golden Nugget's Risk Manager, was also attached to the motion for summary judgment. Yelverton authenticated the surveillance video. Yelverton stated that it was raining most of the day on the date of the accident, December 24, 2014, and that Golden Nugget received no

---

[1] Ms. Watts is a resident of Houston, Texas.

[2] In deposition, Ms. Watts explained that the accident actually occurred on the boardwalk while she and her family were walking from Golden Nugget to L'Auberge Hotel and Casino (L'Auberge) and that the assertion in her petition that she was inside Golden Nugget when she fell was a "misprint." She says that she ate at a restaurant in Golden Nugget (Jack Daniels is in L'Auberge) and then they decided to walk over to L'Auberge.

[3] In her deposition, Ms. Watts disclosed that she injured her right shoulder, right hip, and back in a 2012 slip and fall at a Sears Department Store in Houston, Texas. She had surgery for a torn rotator cuff after that accident. She filed a lawsuit, but it was dismissed.

complaints or other notifications prior to or after Ms. Watts' alleged accident that anyone had slipped and fallen on the boardwalk.

Ms. Watts opposed the motion for summary judgment. She attached the following documents to her writ application: (1) photographs of her shoulder purporting to show the surgical site necessitated by injuries allegedly sustained in the accident in question; (2) several photographs purporting to show the boardwalk where she fell; and (3) photographs of the shoes that Ms. Watts was allegedly wearing at the time of the accident.[4] Ms. Watts alleged that there were genuine issues of material fact regarding "whether the space between the non-wooded slippery board walk[] created an unreasonable risk of harm in the dark after it had been raining on the defendant['s] hotel property."

The motion came for hearing on November 20, 2017. Counsel for Golden Nugget objected to introduction of the photographs offered by Ms. Watts in support of her opposition to the motion. The trial court overruled the exception stating that the objection might be appropriate if the proceedings moved beyond the summary judgment stage but that it did not need to "necessarily rule on admissibility at this moment." At the hearing, Ms. Watts offered the entire record into evidence and refined her argument to include an assertion that the accident may have occurred even if it was not raining because of the surface and the gap between the brick and the boardwalk. The trial court stated:

> [T]his is a close case. It's one that really could go either way. You know, I actually probably lean in favor of granting the motion for summary judgment; however, just because of the time. . . . [I]f I were to grant the motion for summary judgment[,] and then writs were taken[,] and if I end up getting reversed at the appellate court, you

_____

[4] Golden Nugget filed a reply brief in which it objected to the submission of the photographs without any affidavit authenticating or identifying them.

2

know, sometime in the next six, eight months, . . . then I would have to find another place[,] and I'd have to find another date to set this matter for trial. . . .

The trial court then denied the motion for summary judgment in open court on November 21, 2017.

A written judgment was signed on November 30, 2017. On November 30, 2017, Golden Nugget timely filed its notice of intent to apply for writs. Golden Nugget asked the trial court to stay the proceedings pending this court's review of the denial of its motion for summary judgment. The trial court granted the request for a stay and set a return date of January 3, 2018. This writ application was timely filed. Ms. Watts filed her opposition to the writ application on March 21, 2018. Golden Nugget filed a reply to the opposition on April 11, 2018.

Before the granting of the stay, trial was scheduled to begin on December 11, 2017. After the stay was granted, the trial date was continued to September 10, 2018.

## SUPERVISORY RELIEF

"[T]he denial of a motion for summary judgment is an interlocutory ruling from which no appeal may be taken, the only practical remedy available to avoid a possibly useless trial on the merits is to request that the appellate court exercise its supervisory jurisdiction to review the propriety of this ruling." *Breaux v. Cozy Cottages, LLC*, 14-486, 14-597, p. 4 (La.App. 3 Cir. 11/12/14), 151 So.3d 183, 187. "Ordinarily, an application for supervisory writ is the appropriate vehicle for the review of an interlocutory judgment." *McGinn v. Crescent City Connection Bridge Auth.*, 15-165, p. 4 (La.App. 4 Cir. 7/22/15), 174 So.3d 145, 148. Louisiana Code of Civil Procedure art. 2083, comment (b) (citation omitted) states

3

"Irreparable injury continues to be an important (but not exclusive) ingredient in an application for supervisory writs."

## <u>DISCUSSION</u>

The Supreme Court in *Hines v. Garrett*, 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765 (per curiam) (alteration in original), declared:

> We review a district court's grant of summary judgment *de novo*, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Summary judgment is warranted only if "there is no genuine issue as to material fact and [ ] the mover is entitled to judgment as a matter of law." La.Code Civ. Proc. art. 966(C)(1). In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor.

*See also Keeven v. Wen-Star, Inc.*, 17-453, p. 3 (La.App. 3 Cir. 12/6/17), ___ So.3d ___.

"The burden of proof rests with the mover." La.Code Civ.P. art. 966(D)(1). But where, as in this case, the burden of proof will not be borne by the mover:

> then he need only point out to the trial court "the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La.Civ.Code art. 966(D)(1). Once this occurs, the burden shifts to "the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

*Keeven*, ___ So.3d at ___.

Louisiana Revised Statutes 9:2800.6 provides the requisites for a plaintiff to recover against a merchant for a fall. Golden Nugget asserts that La.R.S. 9:2800.6 is inapplicable because the accident in question occurred outside of the hotel. Louisiana Revised Statutes 9:2800.6(C)(2) provides, in pertinent part: "[f]or purposes of this Section, a merchant includes an innkeeper with respect to those

4

areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn."

Assuming only for the sake of argument that La.R.S. 9:2800.6 is applicable, Golden Nugget asserts that it is entitled to summary judgment because "Watts has failed to submit any evidence that the walkway in question was a hazard or defective and/or that Golden Nugget's negligence or fault caused the incident in question." Golden Nugget cites *Sellers v. Caddo Parish Commission*, 503 So.2d 1073 (La.App. 2 Cir.), *writ denied*, 506 So.2d 1229 (La.1987), for the proposition that "[o]n an outdoor sidewalk, rainwater is not a foreign substance[]" and did not present an unreasonable risk of harm. The court in *Sellers*, *id.*, stated: "[w]e decline to hold that a customer is owed the same high standard of care when he is outdoors and can anticipate and plainly see that the paved surface has become wet with rainwater."

The video footage submitted by Golden Nugget shows that Ms. Watts was walking quickly on the pavers to catch up to her relatives before she stepped onto the boardwalk and slipped and fell. Ms. Watts admitted that the shoes she was wearing were old. There are two photographs taken by Ms. Watts' nephew on the night of the incident that are attached to Ms. Watts' deposition. The quality of the reproductions is poor, but no hole or gap is noted where Ms. Watts marked that she fell. Moreover, neither Ms. Watts' deposition testimony nor her petition contains any mention of a gap or hole between the concrete and the boardwalk. When asked "if there was something that caused [her] to slip and fall," Ms. Watts replied: "[i]t was wet." She agreed that both feet "slipped out from underneath" her. Her deposition testimony also makes clear that she knew it was raining, that it had been

5

raining for a while, and that her family members had no difficulty traversing the same area.

"Generally, a trial court is afforded great discretion concerning the admission of evidence, and its decision to admit or exclude evidence may not be reversed on appeal absent the abuse of that discretion." *Suire v. Oleum Operating Co.*, 17-117, p. 15 (La.App. 3 Cir. 11/2/17), 235 So.3d 1215, 1227, *writ denied*, 18-279 (La. 4/6/18), 239 So.3d 827, *writ denied*, 18-271 (La. 4/6/18), 240 So.3d 841.  According to La.Code Civ.P. art. 966(A)(4),[5] "[t]he only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions."

> The legislative comments to the amended version of Article 966 clarify that Subparagraph (A)(4), which is new, sets forth the exclusive list of documents that may be filed in support of or in opposition to a motion for summary judgment, and intentionally does not allow the filing of documents that are not included in the exclusive list, such as photographs, pictures, video images, or contracts, unless they are properly authenticated by an affidavit or deposition to which they are attached.

*Dorsey v. Purvis Contracting Group, LLC*, 17-369, 17-370 pp. 5-6 (La.App. 5 Cir. 12/27/17), 236 So.3d 737, 741, *writ denied*, 18-199 (La. 3/23/18), 239 So.3d 296.

This has been further explained in *Sheffie v. Wal-Mart Louisiana, LLC*, 11-1038, p. 7-8 (La.App. 5 Cir. 5/31/12), 92 So.3d 625, 629 (footnote omitted):

> The court may also consider other documents or things which do not fall within the specifically enumerated categories of documents listed in La. C.C.P. art. 966(B).  However, this Court has held that "unsworn or unverified documents, such as letters or reports, annexed to motions for summary judgment are not self-proving and will not be

---

[5] Although the accident in this case occurred in 2014, the motion for summary judgment was filed and taken under consideration in late 2017.  Therefore, La.Code Civ.P. art. 966 as it was amended in 2015 is applicable.

considered; attaching such documents to a motion for summary judgment does not transform such documents into competent summary judgment evidence." *Drury v. Allstate, Inc.*[], 11-509 (La.App. 5 Cir. 12/28/11), 86 So.3d 634; *Mitchell v. Kenner Regional Medical Center*, 06-620 (La.App. 5 Cir. 1/30/07), 951 So.2d 1193, 1197. Further, although La. C.C.P. art. 966(B) provides an exception for specific documents a court may consider on a motion for summary judgment without the need to formally introduce such documents into evidence at hearing, generally all other documents or things not enumerated in the article but relied upon by the parties must be verified or authenticated and officially offered and introduced into evidence. See *Denoux v. Vessel Mgmt. Services, Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88; *Rudolph v. D.R.D. Towing Co., LLC*, 10-629 (La.App. 5 Cir. 1/11/11), 59 So.3d 1274, 1277; and *Drury v. Allstate, Inc.*, *et al*, 11-509 (La.App. 5 Cir. 12/28/11), 86 So.3d 634.

In this case, the trial judge apparently viewed and considered the video surveillance tape capturing Plaintiff's alleged accident. The video at issue does not fall within a category of the enumerated exceptions provided in La. C.C.P. art. 966(B) and was never officially offered and introduced into evidence. As such, we find the trial judge erroneously considered evidence not properly offered and introduced at the hearing on Wal-Mart's Motion for Summary Judgment.... and remand this matter for a new hearing on defendant's Motion for Summary Judgment.

The photographs attached to Ms. Watts' opposition to Golden Nugget's motion for summary judgment purport to show a gap. Golden Nugget objected to the admission of the photographs into evidence because they were not dated and were unverified and unauthenticated as required by La.Code Evid. arts. 802 and 901. The trial court recognized that Golden Nugget made "an appropriate objection for admissibility purposes" should the matter get beyond the summary judgment stage. The trial court also pointed out that there were "some discrepancies between the pictures that were attached to the [deposition] of Ms. Watts" which did not show any kind of gap and the pictures introduced as part of the opposition to the motion for summary judgment. The trial court stated: "for purposes of summary judgment, in looking at those pictures, it could be that the pictures that were shown at the deposition were not the correct pictures and that

7

these are." The discrepancies in the pictures were the basis of the trial court's finding that there was "a genuine issue of material fact with regard to whether there was a hole there or not at the time Ms. Watts was walking in that area which could have been what actually caused her to fall rather than the wet or slippery surface of the boardwalk."

Counsel for Ms. Watts admitted that the photographs were not verified at the hearing: "we are going to have Mr. Marshal Simien come in to testify[,] if we get beyond this point[,] as to the photographs taken -- taking of the photographs, timeline, all the rest of that." In *Reynolds v. Bordelon*, 14-2371, p. 4 (La. 6/30/15), 172 So.3d 607, 611, (footnote omitted), the Louisiana Supreme Court noted that:

> the photographs were not verified or authenticated in any way. The plaintiff did not introduce an affidavit or testimony by any person familiar with the photographs, the photographer or otherwise, in order to lay the foundation that the photographs were actually depictions of the plaintiff's vehicle or that the depictions were accurate. Accordingly, we agree that the lack of verification deems the photographs inadmissible at the summary judgment hearing."

Similarly, it was an abuse of discretion for the trial court to admit the photographs submitted by Ms. Watts into evidence and consider them because they were indisputably undated, unauthenticated, and unverified by any affidavit or deposition. *See* La.Code Civ.P. art. 966(A)(4); La.Code Evid. arts. 802 and 901(A). Because the photographs submitted by Ms. Watts were inadmissible, that the trial court erred in using them as the basis for finding a genuine issue of material fact. Ms. Watts did not present any countervailing evidence to show that there was a condition that presented an unreasonable risk of harm or that Golden Nugget failed to exercise reasonable care. Since there are no material facts in dispute, we grant the motion for summary judgment and dismiss Ms. Watts' suit with prejudice.

8

For the foregoing reasons, we reverse the trial court's denial of the motion for summary and enter summary judgment in favor of Golden Nugget Lake Charles, LLC. Carolyn Watts' claims against Golden Nugget Lake Charles, LLC are dismissed with prejudice. All costs of these proceedings are assessed to Carolyn Watts.

**WRIT GRANTED AND MADE PEREMPTORY.**