KATIE QUEYROUZE

VERSUS

JOHN M. FISSE, FEDERAL EXPRESS
CORPORATION AND PROTECTIVE
INSURANCE COMPANY

NO. 21-CA-54

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 796-185, DIVISION "O"
HONORABLE DANYELLE M. TAYLOR, JUDGE PRESIDING

September 22, 2021

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and John J. Lee, Jr.

**REVERSED AND REMANDED**
    **MEJ**
    **RAC**
    **JJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
KATIE QUEYROUZE
    Tamara K. Jacobson
    Robert G. Harvey, Sr.

COUNSEL FOR DEFENDANT/APPELLANT,
JOHN M. FISSE AND FEDERAL EXPRESS CORPORATION
    C. Michael Parks
    John Edward McAuliffe, III

**JOHNSON, J.**

Appellants, John M. Fisse and Federal Express Corporation ("FedEx"), appeal the Twenty-Fourth Judicial District Court's October 1, 2020 judgment granting Appellee, Katie Queyrouze's, Motion for Partial Summary Judgment on Liability in this matter arising out of a collision between two automobiles. For the reasons that follow, we reverse the district court's judgment and remand the matter for further proceedings.

*FACTS AND PROCEDURAL HISTORY*

On the morning of June 19, 2018, John M. Fisse was operating a FedEx delivery truck within the course of his employment. Just before the accident Mr. Fisse had completed a delivery at a car dealership on Causeway Boulevard ("Causeway") in Metairie. Travelling east on 15th Street, Mr. Fisse reached the intersection of 15th Street and Causeway. He then attempted to cross the four lanes of traffic to his left travelling southbound on Causeway to reach the "U-turn" lane in order to travel northbound on Causeway to his next delivery location.

In his deposition, Mr. Fisse testified that he stopped at the stop sign facing him at the intersection for "five seconds, ten seconds". He said that the nearest traffic signal for the traffic travelling southbound on Causeway, two blocks away at 17th Street, was red but the traffic stopped at the light was not backed up all the way to 15th Street. Mr. Fisse testified that after he stopped, cars travelling on Causeway "stopped so that [he] could go out." Mr. Fisse stopped again before entering the lane Ms. Queyrouze's vehicle occupied. Mr. Fisse acknowledged that he saw her coming and could not tell how fast she was going, but he believed he had enough time to continue towards the U-turn lane. Mr. Fisse admitted that his driver's license indicated that he should wear corrective lenses while driving and that he was

not wearing glasses at the time of the accident.  Mr. Fisse testified that Ms. Queyrouze's SUV hit the driver's side rear panel of the delivery truck.  According to Mr. Fisse, the accident occurred around 10:10 a.m.

Ms. Queyrouze testified that June 19, 2018 was a sunny day, and that, immediately before the accident, she was looking straight ahead, there were no cars ahead of her, and she was not using her cell phone.  She remembered that around 9:30 a.m. that morning she was driving southbound on Causeway in a 2013 Mazda CX-5 SUV in the third lane from the right.  According to a transcript of her testimony, Ms. Queyrouze believed the traffic signal at 17th Street was green at the time of the accident.  She testified that nothing was obstructing her vision and "[t]he first time that [she remembered] seeing the [FedEx truck,] it was pulling in front of [her] after it had hit [her vehicle]."  She was unsure of the point of impact on the truck, but the truck collided with the front passenger headlight area of her SUV.

Ms. Queyrouze timely filed a Petition for Damages, claiming the accident was caused by the "sole fault and neglect" of Mr. Fisse because he failed to operate his vehicle in a safe manner and yield the right of way, among other allegations.  To answer, Mr. Fisse countered that the accident was caused by "the sole fault and/or negligence, or in the alternative, the comparative fault and negligence" of Ms. Queyrouze.  On October 7, 2019, Ms. Queyrouze filed a Motion for Partial Summary Judgment.  In support of her motion, she filed two exhibits.  Exhibit #1 was Ms. Queyrouze's sworn affidavit recounting how the accident occurred. Exhibit #2 consisted of the following documents, *in globo*:  a copy of the bill of information charging Mr. Fisse with a violation of La. R.S. 32:123 – Failure to Stop/Yield; a Fee and Fine Slip from First Parish Court and a Waiver by Defendant of

Assistance of Counsel and Advise of Rights, both signed by Mr. Fisse; and a First Parish Court minute history that shows that on December 3, 2018, Mr. Fisse withdrew his former plea of not guilty and pled guilty as charged.

In his Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, Mr. Fisse argued that there were questions of material fact and uncontested facts that demonstrate that Ms. Queyrouze was also at fault, and Ms. Queyrouze's "*de minimus*" affidavit testimony was "mostly conclusory." Mr. Fisse also objected to the introduction and consideration of information regarding the disposition of his traffic citation in Plaintiff's Exhibit #2 and averred that the documents were not included in the list of documents that could be filed in support of or in opposition to a motion for summary judgment according to La. C.C.P. art. 966(A)(4).

The district court heard arguments from both parties on the motion for partial summary judgment on October 1, 2020. At the end of the hearing, the district court granted Ms. Queyrouze's motion. The district court found that "the fact that the defendant pled guilty and paid the fine is an admission of guilt or it's an admission of liability in this particular matter." The district court also affirmed in its judgment that it considered Plantiff's Exhibit #2, First Parish Court documents related to the disposition of the traffic citation Mr. Fisse received on June 19, 2018.

On appeal, Mr. Fisse alleges the trial court erred when it 1) found that the June 19, 2018 accident was caused solely by his negligence; 2) admitted and considered the First Parish Court documentation referencing the traffic citation issued to Mr. Fisse – which was inadmissible under La. C.C.P. article 966(A)(4); and 3) concluded that a guilty plea to a traffic citation established that Mr. Fisse was 100% at fault for the accident. Ms. Queyrouze counters that there are no genuine issues of material fact present

in this matter which would preclude summary judgment, and Mr. Fisse, who proceeded after stopping at the stop sign and unsuccessfully attempted to cross multiple lanes of travel without causing an accident, is completely at fault.

<em>LAW AND ANALYSIS</em>

In determining whether summary judgment is appropriate, appellate courts review evidence *de novo*. *Drury v. Allstate Ins. Co.*, 11-509 (La. App. 5 Cir. 12/28/11); 86 So.3d 634, 637. An appellate court, thus, asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. *Id.* Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. *Id.*

The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and *admissions*. La. C.C.P. art. 966(A)(4). Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to a purported document of the State of Louisiana (or of a political subdivision), or of a department, board, or agency thereof when certified as being the original by an officer or employee who identifies his official position and who either has custody of the document or who is otherwise authorized to make such a certification. La. C.E. art. 902(2)(b).

According to La. R.S. 32:123(B),

[E]very driver and operator of a vehicle approaching a stop intersection indicated by a stop sign shall stop [. . . ] at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection. After having stopped, the driver shall yield the right-of-way to all vehicles which have entered the intersection from another highway or which are approaching so closely on said highway as to constitute an immediate hazard.

When a motorist is confronted with a stop sign at an intersection, it is his duty to come to a complete stop, to appraise traffic, and to make certain that the way is clear before proceeding. *Ruttley v. Lee*, 99-1130 (La. App. 5 Cir. 5/17/00); 761 So.2d 777, 787, *writ denied*, 00-1781 (La. 9/22/00); 768 So.2d 1287. When a motorist stops her vehicle before entering a right-of-way street, she has performed only half of the duty which the law has imposed upon her. *Id.* "To stop and then proceed in the immediate path of oncoming vehicles constitutes negligence." *McElroy v. Wilhite*, 39,393 (La. App. 2 Cir. 5/18/05); 903 So.2d 627, 631. "[T]o merely stop for a stop sign is to perform only a part of the required duty; such action must be followed by a careful observation of traffic conditions and the motorist controlled by the stop sign must yield the right of way to all vehicles lawfully proceeding on the favored roadway." *Id.* at 631-32, quoting, *Ballaron v. Roth*, 221 So.2d 297, 300 (La. App. 4th Cir. 1969).

The duty of the favored motorist is quite minimal compared to that of the motorist confronted with a stop sign. *Id.* at 631. "A motorist on a right of way street is entitled to assume that motorists on the unfavored street approaching a stop sign will obey the traffic signal and will stop, look and yield the right of way to traffic proceeding on the favored street." *Sanchez Fernandez v. Gen. Motors Corp.*, 491 So.2d 633, 636 (La. 1986), *citing Bourgeois v. Francois*, 161 So.2d 750 (La. 1970). But, if a motorist fails to see what he should have seen, then the law charges him with having seen

what he should have seen, and the court examines his subsequent conduct on the premise that he did see what he should have seen. *Severson v. St. Catherine of Sienna Catholic Church*, 97-1026 (La. App. 5 Cir. 2/11/98); 707 So.2d 1026, 1030, *writ denied*, 98-0653 (La. 4/24/98); 717 So.2d 1178, *citing Sanchez Fernandez*, s*upra*. Once a favored motorist sees, or should see, that the unfavored driver of the vehicle on the inferior street is not going to yield the right of way, and then "has a reasonable opportunity to avoid the accident by evasive action, then his negligence becomes a proximate cause of the accident." *Martin v. Moore*, 210 So.2d 607, 609 (La. App. 2d Cir. 1968).

In the instant matter, we find that the district court improperly admitted and considered Plaintiff's "Exhibit #2," which Appellants timely objected to in Defendants' Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, filed on September 14, 2020. Mr. Fisse's guilty plea is an admission against his interest, which is admissible to support a motion of summary judgment pursuant to La. C.C.P. art. 966(A)(4). *See Arceneaux v. Domingue*, 365 So.2d 1330, 1336 (La. 1978). However, the uncertified copy of the First Parish Court record is not self-authenticating, and therefore should not be used as proof that Mr. Fisse pled guilty to one violation of La. R.S. 32:123 Failure to Stop/Yield. *See* La. C.E. art. 902(2)(b); Comment – 2015 (c) to La. C.C.P.art. 966.

> "In civil cases it is inadmissible to show that one or the other of the parties was charged by the police with a traffic violation or convicted. This would be merely the opinion of the officer or the judge, as the case might be. Trials and convictions in traffic courts and possibly in misdemeanor cases generally are not always trustworthy for they are often the result of expediency or compromise. To let in evidence of conviction of a traffic violation to prove negligence and responsibility in a civil case would unduly erode the rule against hearsay."

*Ruthardt v. Tennant*, 252 La. 1041, 1047–48; 215 So.2d 805, 808 (1968). Citations and convictions are often untrustworthy as they are based on the opinion of the officer or the traffic judge, who are not necessarily accident reconstruction experts. *Id.* As to the remaining documents, the waiver only supports the validity of the entered plea. The copy of the bill of information charging Mr. Fisse with a violation of La. R.S. 32:123 – Failure to Stop/Yield; A Fee and Fine Slip from First Parish Court and A Waiver by Defendant of Assistance of Counsel and Advise of Rights – could be authenticated as they are signed by an Assistant District Attorney and Mr. Fisse, respectively, but they are still not admissible.

Even if we were to find that the admission of the minute history from First Parish Court into evidence was harmless error, the admission is not conclusive on the issue of fault. "[W]hile such a plea is admissible against a defendant in a civil proceeding, it is not conclusive, and the amount of weight to be given to such a plea must be determined by consideration of all the evidence, including the reason for the plea." *Maricle v. Liberty Mut. Ins. Co.*, 04-1149 (La. App. 3 Cir. 3/2/05); 898 So.2d 565, 573. Also, the fact that Mr. Fisse admitted that he was at fault does not signify that Ms. Queyrouze was not negligent also.

In ruling on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or to determine the truth of the matter but instead to determine whether there is a genuine issue of triable fact. *Prince v. Rouse's Enterprises, L.L.C.*, 20-150 (La. App. 5 Cir. 12/2/20); 305 So.3d 1078, 1082. Further, a fact is "material" when it would matter on the trial on the merits; *i.e.*, it could insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of the legal dispute. *Id.* "Inferences to be drawn from the underlying facts before the court must be

viewed in light most favorable to the non-moving party." *Dufrene v. Willingham,* 95-104 (La. App. 5 Cir. 5/30/95); 656 So.2d 1063, 1065 *citing Smith v. Our Lady of the Lake Hosp.,* 93–2512 (La. 7/05/94); 639 So.2d 730, 750.

We conclude that there are genuine issues of material fact present in this matter that preclude granting summary judgment on the issue of liability to Ms. Queyrouze. For example, the parties do not agree on when the accident took place. Ms. Queyrouse estimated that the accident occurred around 9:30 a.m. in the morning. Mr. Fisse entered records into evidence from Jefferson Parish 911 to support his assertion that the accident occurred near 10:10 a.m. Further, Mr. Fisse subpoenaed records from Ms. Queyrouze's phone company that suggest that Ms. Queyrouze was using her cell phone in some capacity in the moments leading up to the accident. Even if Ms. Queyrouze was operating her cell phone in a manner that was permissible by law at that time, it is possible that the district court or a jury could find that the operation of the vehicle was not the sole focus of her attention and her divided attention was a contributing factor to the accident that occurred.

Also, by Ms. Queyrouze's own admission, the day of the accident was a clear, sunny day and she had an unobstructed view. However, Ms. Queyrouze did not see the FedEx delivery truck, the other cars in the lanes to her right that stopped to allow Mr. Fisse to cross the intersection, or Mr. Fisse stop a second time before entering her lane. The fact that her vehicle hit the delivery truck at the back of the truck suggests that she may have been able to avoid the collision if she had noticed the delivery truck travelling through the intersection sooner. Also, because she only had a learner's permit at the time of the accident, Ms. Queyrouze should have been

accompanied by a licensed, more experienced driver. The presence of another driver may have increased the likelihood that Ms. Queyrouze would have been alerted to the approach of the vehicle Mr. Fisse was operating in time to attempt a manuver to prevent the accident. If courts are to assume that all of the affiants are credible, as credibility determinations are improper as the credibility of a witness is a question of fact, we cannot find that Mr. Fisse is 100% responsible for the accident that occurred without weighing the evidence, based on the record before us. *See Joliboix v. Cajun Comfort, Inc.*, 16-414 (La. App. 5 Cir. 12/7/16); 207 So.3d 655, 658.

## *DECREE*

Considering the foregoing, the October 1, 2020 judgment granting Ms. Queyrouze partial summary judgment on the issue of liability is reversed. The matter is remanded to the district court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 22, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-54

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DANYELLE M. TAYLOR (DISTRICT JUDGE)
ROBERT G. HARVEY, SR. (APPELLEE)          TAMARA K. JACOBSON (APPELLEE)          JOHN EDWARD MCAULIFFE, III
(APPELLANT)

### MAILED

EDWARD J. WOMAC, JR. (APPELLEE)          C. MICHAEL PARKS (APPELLANT)
ATTORNEY AT LAW                          JULIE M. LAFARGUE (APPELLANT)
3501 CANAL STREET                        ATTORNEYS AT LAW
NEW ORLEANS, LA 70119                     701 POYDRAS STREET
                                         SUITE 600
                                         NEW ORLEANS, LA 70139